UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x
In re                                :   Chapter 7
                                     :
CHRISTINE PERSAUD,                   :   Case No. 10-44815 (ESS)
                                     :
                                     :
            Debtor.                  :
------------------------------------x

**APPLICATION FOR ORDER AUTHORIZING RETENTION OF
TROUTMAN SANDERS LLP AS SUBSTITUTE GENERAL AND
<u>BANKRUPTCY COUNSEL FOR THE CHAPTER 7 TRUSTEE</u>**

TO THE HONORABLE ELIZABETH S. STONG,
UNITED STATES BANKRUPTCY JUDGE:

John S. Pereira, chapter 7 Trustee (the "Trustee") for the estate of Christine Persaud (the "Debtor") for his application (the "Application") pursuant to Sections 327 and 328 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and Local Bankruptcy Rule 2090-1 seeking authorization for the retention and employment of Troutman Sanders LLP ("Troutman") as substitute counsel to represent the Trustee effective as of July 27, 2011, respectfully represents:

**<u>BACKGROUND</u>**

1.   On May 26, 2010, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York (the "Court").

2.   On April 8, 2011, the Debtor's case was converted to a case under Chapter 7.

3.   On or about April 13, 2011, I was appointed as the interim chapter 7 trustee of the Debtor, and later qualified as the permanent trustee.

1460284v2

4. While acting as interim trustee after my appointment, I determined that it would be in the best interest of the Debtor's estate to retain counsel. I selected Pereira & Sinisi to be counsel for the Trustee and, upon my application, the Court approved the retention of Pereira & Sinisi by order entered on June 30, 2011.

5. I have held the initial 341(a) meeting in this case and, based on the complex factual and legal issues involved, have determined it is in the best interests of the estate to retain a firm that not only can act as bankruptcy counsel, but also has the capacity and expertise to provide services in the areas of litigation, corporate, regulatory and tax.

6. I have selected Troutman to render these services, and hereby request that Troutman be substituted and retained as general and bankruptcy counsel, effective as of July 27, 2011, the date I first requested that Troutman render services. Pereira & Sinisi will not render legal services after that date, but will be available to act as counsel on any matter for which Troutman were to have a conflict in the case.

## JURISDICTION

7. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2). The statutory predicate for relief sought herein is Sections 327 and 330 of the Bankruptcy Code and Bankruptcy Rule 2014 and Local Bankruptcy Rule 2090-1(d).

## RELIEF REQUESTED

8. As Trustee, I have determined that it would be in the best interest of the Debtor's estate to substitute counsel. The professional services that Troutman is to render can be summarized, without limitation, as follows:

(a) Advise the Trustee respecting his duties in this case;

1460284v2

(b) Advise the Trustee and consult with creditors and the Debtor concerning the administration of this case;

(c) Investigate potential claims on behalf of the estate and prosecute litigation as necessary;

(d) Assist the Trustee in liquidating and/or disposing of any assets that may be recovered from investigation and litigation;

(e) Prepare for the Trustee, on behalf of the estate, any and all necessary and appropriate legal pleadings in connection with the matters for which Troutman renders services;

(f) Perform such other legal services as requested by the Trustee in connection with Troutman's retention as may be necessary and appropriate and in the best interests of the estate; and

(g) Represent the Trustee generally, and before this Court.

9. Troutman is a disinterested person as defined in Section 101(14) of the Bankruptcy Code. Troutman has informed the Trustee that it does not hold or represent any interest adverse to the Trustee or the Debtor's estate in connection with the matters for which it is being retained, and has no connection with the Debtor, or any adverse parties in this case, except as set forth in paragraph 7 of the Declaration of John P. Campo, a partner of Troutman, annexed to this application as Exhibit "A."

10. Troutman is experienced in representing trustees, debtors, creditor committees and equity committees in bankruptcy cases involving litigation, corporate, real estate, tax and other matters. It will charge for services rendered to the Trustee at Troutman's standard hourly rates plus expenses. Troutman will make application for payment of fees and expenses as set forth herein pursuant to the terms and provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of this Court and the U.S. Trustee Guidelines pertaining to the payment of retained professionals. Troutman will maintain detailed records describing the services rendered and the time spent, and any necessary expenses incurred, in rendering such

1460284v2

professional services on behalf of the Trustee. The customary and current standard hourly rates charged by Troutman for the services to be rendered to the Trustee are as follows:

| Partners and Of Counsels | Between $290.00 and $800.00 |
| --- | --- |
| Associates | Between $185.00 and $525.00 |
| Paralegals | Between $135.00 and $290.00 |

These rates are subject to periodic increase in the normal course of Troutman's business. The hourly rates set forth above are Troutman's standard hourly rates and are charged to bankruptcy and non-bankruptcy clients for all types of services to be performed herein. These rates are set at a level designed to fairly compensate Troutman for the work of its attorneys and paralegals, and to cover certain fixed and routine overhead expenses.

11.    The Trustee believes that (a) as set forth in the Declaration of John P. Campo in support of this application, Troutman is well qualified to serve as general counsel to the Trustee in this case; (b) Troutman does not have any interest adverse to the Trustee or to the Debtor's estate and is disinterested as that term is defined in section 101(14) of the Bankruptcy Code, and (c) the employment of Troutman is in the best interest of the estate.

12.    No previous application for the relief sought herein has been made to this or any other court.

1460284v2

Case 1-10-44815-ess    Doc 182    Filed 08/10/11    Entered 08/10/11 11:18:53
Case 1:12-cv-03337-JG   Document 1-5   Filed 07/05/12   Page 5 of 13 PageID #: 17

5

WHEREFORE, the Trustee requests entry of an Order (i) authorizing him to employ and retain the firm of Troutman as substitute counsel to represent the Trustee in this case as necessary; and (ii) granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      August 9, 2011

*s/John S. Pereira, Trustee*
John S. Pereira, as
Chapter 7 Trustee for the Debtor
The Chrysler Building
405 Lexington Avenue, 7th Floor
New York, NY 10174
Tel. (212) 758-5777

1460284v2

# EXHIBIT "A"

# DECLARATION OF JOHN P. CAMPO

1460284v2

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | : | Chapter 7 |
|---|---|---|
| In re | : | |
| | : | Case No. 10-44815 (ESS) |
| CHRISTINE PERSAUD, | : | |
| | : | |
| Debtor. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DECLARATION OF JOHN P. CAMPO IN ACCORDANCE WITH**
**FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014**

JOHN P. CAMPO, a licensed attorney, declares under penalty of perjury, the following:

1. I am an attorney duly licensed to practice law in the State of New York. I am admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York and the United States Court of Appeals for the Second Circuit.

2. I am a partner with the firm of Troutman Sanders LLP ("Troutman") which maintains an office at The Chrysler Building, 405 Lexington Avenue, New York, New York 10174.

3. I make this affidavit in support of the Trustee's application for entry of an order authorizing the employment and retention of Troutman to represent the Trustee and the estate as substitute general and bankruptcy counsel in the above-captioned case, effective as of July 27, 2011.

4. Troutman is a large firm with extensive experience representing debtors, trustees, creditors committees and equity committees in large and complex bankruptcy cases involving litigation, corporate, partnership, real estate, environmental, tax and other areas of law and is well qualified to represent the Trustee in this case. In particular, Troutman anticipates rendering

2

advice and services to the Trustee in, *inter alia*, the areas of bankruptcy, litigation, corporate, regulatory and tax.

5. In compliance with the disclosure requirements of Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Troutman has investigated its relationships, if any, with the Debtor, the creditors and any parties in interest to whom Troutman will be adverse in this case. The results of Troutman's searches, which are based on the information currently available (*i.e.,* the Debtor's petition and schedules, and facts which came to light in connection with the Trustee's investigation of the Debtor's affairs ), shows the following:

(a) Troutman is not a creditor, equity security holder of the Debtor interest and has no direct or indirect relationship to, connection with, or interest in the Debtor.

(b) Troutman, does not have, to the best of my present knowledge and belief, any connection with the United States Trustee or any professional employed in the Office of the United States Trustee for this district that is assigned to this case.

(c) Troutman is not and has not been an insider of the Debtor.

(d) Troutman does not represent the Debtor in this matter or any other matters.

(e) Troutman does not represent any of the creditors or parties in interest to whom Troutman will be adverse in this case.

6. Troutman is a firm with a diverse client base. Troutman may, from time to time, represent, or may have represented in the past, clients that may be creditors or adverse parties of the Debtor's estate in matters unrelated to this case.

7. Troutman does not, has not, and shall not represent any entity other than the Trustee in connection with this case.

3

1460284v2

8. For the foregoing reasons, Troutman has determined that, based on a review of information currently available, no conflict exists in connection with its proposed retention by the Trustee. In the event that any additional information comes to Troutman's attention, Troutman will make a supplemental disclosure.

9. Troutman does not itself have, nor does it represent, any interest materially adverse to the interests of the Trustee in matters upon which Troutman is to be engaged, and is a "disinterested person" within the meaning of Section 101(14) of Title 11, United States Code.

10. Troutman proposes to charge for services rendered to the Trustee at Troutman's usual and customary based rates pursuant to the terms and provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules of this Court pertaining to the payment of retained professionals. Troutman will maintain detailed records describing the services rendered and the time spent, and any necessary expenses incurred in rendering such professional services on behalf of the Trustee. The customary and current hourly rates charged by Troutman for the services to be rendered by the professionals and paraprofessionals who will render services in this case to the Trustee are as follows:

| Partners and Of Counsels | Between $290.00 and $900.00 |
|---|---|
| Associates | Between $185.00 and $525.00 |
| Paralegals | Between $135.00 and $290.00 |

These hourly charges are those in effect as of the date of this Declaration and may be increased in the ordinary course from time to time during the pendency of this case. Troutman agrees that any requests for fees and reimbursable expenses will be subject to noticing and approval by the Bankruptcy Court, in accordance with the application provisions of 11 U.S.C. §§ 330 and 331 of the United States Bankruptcy Code.

4

1460284v2

11.  No agreement exists between Troutman and any third party for sharing of compensation received by Troutman in this case, except as allowed in Bankruptcy Code section 504(b) and Bankruptcy Rule 2016 with respect to the sharing of compensation among the members or associates of Troutman.

12.  To the best of my knowledge and belief, Troutman's proposed employment is not prohibited or improper under Bankruptcy Rule 5002.

13.  I make this declaration under penalty of perjury in accordance with Bankruptcy Rules 2014(a) and 9011(b).

Dated:  New York, New York
        August 9, 2011

*s/John P. Campo*
John P. Campo

# PROPOSED ORDER

1460284v2

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | : | |
|---|---|---|
| In re | : | Chapter 7 |
| | : | |
| CHRISTINE PERSAUD, | : | Case No. 10-44815 (ESS) |
| , | : | |
| | : | |
| Debtor. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ORDER AUTHORIZING RETENTION OF TROUTMAN SANDERS LLP AS SUBSTITUTE COUNSEL FOR THE CHAPTER 7 TRUSTEE

Upon the Application (the "Application") of John S. Pereira, as Chapter 7 Trustee (the "Trustee") for the estate of the above-captioned debtor (the "Debtor"), for an order authorizing him to employ and retain, pursuant to Section 327 and 330 of the Bankruptcy Code and Rule 2014 of the Bankruptcy Rules, Troutman Sanders LLP ("Troutman"), as substitute general and bankruptcy counsel for the Trustee on behalf of the Debtor's estate; and upon the declaration of John P. Campo, attached to the Application; and the Court being satisfied that Troutman represents no interest adverse to the Debtor's estate with respect to the matters upon which Troutman is to be engaged and is disinterested as the term is defined in section 101(14) of the Bankruptcy Code; and that Troutman's employment is necessary and would be in the best interest of the Debtor's estate; and sufficient cause appearing therefore; it is hereby

**ORDERED**, that the Trustee is authorized to employ and retain Troutman as general and bankruptcy counsel in substitution of Pereira & Sinisi, effective as of July 27, 2011, pursuant to the terms set forth in the Application, to be paid upon appropriate application and Order of this Court, in accordance with the terms and provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules of the Eastern District of New York and the Guidelines of the Office of the U.S. Trustee.

7

1460284v2

**ORDERED**, that Pereira & Sinisi's consent to this substitution of counsel is without prejudice to its right to seek compensation or reimbursement for any fees, expenses, or unbilled time, if any, incurred through and including July 27, 2011 pursuant to and in compliance with sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of this Court.

Dated: Brooklyn, New York
       August ____, 2011

## PROPOSED

_____
UNITED STATES BANKRUPTCY JUDGE

**CONSENTED TO:**

**PEREIRA & SINISI, LLP**

By: _____*s/Ann Marie Sinisi*_____
      Ann Marie Sinisi, Esq.

**NO OBJECTION:**

**OFFICE OF THE UNITED STATES TRUSTEE**

By: _____

1460284v2