UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------- x
: Chapter 7
In re    :  Case No. 10-44815 (ESS)
:
CHRISTINE PERSAUD,    :
:
          Debtor.    :
:
------------------------------------- x

**APPLICATION PURSUANT TO SECTIONS 327 AND 328 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 2014 AND LOCAL BANKRUPTCY RULE 2014-1 FOR AN ORDER AUTHORIZING RETENTION OF BDO USA, LLP <u>AS FINANCIAL ADVISOR AND ACCOUNTANTS TO THE CHAPTER 7 TRUSTEE</u>**

TO THE HONORABLE ELIZABETH S. STONG,
UNITED STATES BANKRUPTCY JUDGE:

       John S. Pereira, chapter 7 Trustee (the "Trustee") for the estate of Christine Persaud (the "Debtor"), pursuant to Sections 327 and 328 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and Local Bankruptcy Rule 2014-1 seeks authorization of the retention and employment of BDO USA, LLP ("BDO") as financial advisor and accountants to the Trustee effective as of July 28, 2011 (the "Application"), and in support of the Application, respectfully represents:

<u>**BACKGROUND**</u>

       1.     On May 26, 2010, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York (the "Court").

       2.     On April 8, 2011, the Debtor's case was converted to a case under Chapter 7.

       3.     On or about April 13, 2011, the Trustee was appointed as the interim chapter 7 trustee of the Debtor's estate, and later qualified as permanent trustee.

1460846v1

4. The Trustee has determined that it would be in the best interest of the Debtor's estate to retain a financial advisor and accountants for the Trustee. The Trustee has selected BDO, and requests that BDO be retained as of July 28, 2011, the date upon which the Trustee first requested that BDO commence rendering services.

## JURISDICTION AND STATUTORY PREDICATES

5. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

## TERMS OF RETENTION

6. The professional services that BDO will render on behalf of the Trustee include, but are not limited to, the following:

(a) Assist the Trustee in the marshaling and liquidation of assets of the Debtor's estate;

(b) Analyze the financial operations of entities owned by the Debtor's pre and post-petition, as necessary;

(c) Conduct any requested financial analysis including verifying the material assets and liabilities of the Debtor, as necessary, and their values;

(d) Assist the Trustee in its review of monthly statements of operations submitted by the Debtor;

(e) Perform claims analysis for the Trustee;

(f) Assist the Trustee in its evaluation of cash flow statements prepared by the Debtor;

(g) Scrutinize cash disbursements for the periods prior to and subsequent to the commencement of this case;

(h) Perform forensic investigative services, as requested by the Trustee, regarding pre-petition activities of the Debtor in order to identify potential causes of action, including investigating transfers to affiliates and fraudulent transfers;

(i) Analyze transactions with insiders, related and/or affiliated companies;

(j) Analyze transactions with the Debtor's financing institutions, if applicable;

(k)     Assist the Trustee in operating the businesses that are owned by the Debtor, if requested by the Trustee;

(l)     Prepare Federal, State and Local tax returns and requisite disclosures and forms, as necessary; and

(m)     Perform other necessary services as the Trustee may request from time to time with respect to the financial, business and economic issues that may arise.

7.     BDO is a disinterested person for the estates as defined in Section 101(14) of the Bankruptcy Code.  BDO has informed the Trustee that it does not hold or represent any interest adverse to the Trustee or the Debtor's estate; and has no connection with the Debtor, its creditors or other adverse parties in this case, except as set forth in the Affidavit of William K. Lenhart, a Certified Public Accountant, Certified Insolvency and Restructuring Advisor, A Certified Turnaround Professional and a partner of BDO (the "Lenhart Affidavit"), annexed to this application as Exhibit "A."

8.     Subject to Court approval in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules, compensation will be payable to BDO in accordance with its normal hourly rates, in effect from time to time and are adjusted periodically, which are charged in bankruptcy and non-bankruptcy matters of this type by the professionals assigned and are outlined in the Lenhart Affidavit, plus reimbursement of actual and necessary expenses incurred, as more fully set forth in the Lenhart Affidavit.

9.     The Trustee believes that: (a) as set forth in the Lenhart Affidavit in support of the Application, BDO is well qualified to serve as financial advisor and accountants to the Trustee in this case; (b) BDO does not have any interest adverse to the Trustee or to the Debtor's estate and is disinterested as that term is defined in section 101(14) of the Bankruptcy Code, and (c) the employment of BDO is in the best interest of the Debtor's estate.

1460846v1

## NOTICE

10. Notice of this Application has been given to (ii) counsel for the Debtor; (ii) Office of the United States Trustee; and (iii) those parties listed on the Electronic Court Notification. The Trustee submits that, given the nature of the relief requested, no other or further notice of the relief requested is necessary.

## NO PRIOR REQUESTS

11. No previous application for the relief sought herein has been made to this or any other court.

WHEREFORE, the Trustee requests entry of an Order: (i) authorizing him to employ and retain BDO as financial advisor and accountants in this case, effective as of July 28, 2011; and (ii) granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       August 9, 2011

By:    *s/John S. Pereira*
     John S. Pereira,
     Chapter 7 Trustee
     The Chrysler Building
     405 Lexington Avenue, 7th Floor
     New York, NY  10174
     Tel. No. (212) 758-5777

# EXHIBIT "A"

# AFFIDAVIT OF
# WILLIAM K. LENHART

1460846v1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:                                            Chapter 7
                                                  Case No. 10-44815-ESS
Christine Persaud,

            Debtor.
----------------------------------------------------------X

**AFFIDAVIT OF WILLIAM K. LENHART IN SUPPORT OF APPLICATION PURSUANT TO SECTION 327 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014 FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF BDO USA, LLP NUNC PRO TUNC TO JULY 28, 2011, AS FINANCIAL ADVISOR AND ACCOUNTANTS TO THE INTERIM CHAPTER 7 TRUSTEE**

STATE OF NEW YORK    )
                                    ss:
COUNTY OF NEW YORK  )

**WILLIAM K. LENHART,** being duly sworn, deposes and says:

1. I, William K. Lenhart, am a Certified Public Accountant, licensed under the laws of the State of New York, a Certified Insolvency and Restructuring Advisor (CIRA), a Certified Turnaround Professional (CTP), and a partner in the firm of BDO USA, LLP ("BDO" or, the "Firm"), a Delaware registered limited liability partnership, a national accounting, tax and consulting firm consisting in part of certified public accountants, with offices located at 135 W. 50th Street, New York, New York, 10020 and other locations throughout the United States. I submit this Affidavit in support of the Application by the Interim Chapter 7 Trustee (the "Trustee") of the Chapter 7 case of Christine Persaud (the "Debtor") for entry of an order authorizing the retention and employment of BDO *nunc pro tunc* to July 28, 2011 as Financial Advisor and Accountants pursuant to Sections 327 of the United States Code (the "Bankruptcy

1

Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Rules") in the Chapter 7 case of the above-captioned debtor.

2. Subject to this Court's approval of our retention, BDO proposes to provide accounting and financial advisory services to the Trustee in the Chapter 7 case of Christine Persaud. BDO will utilize the services of BDO Consulting Corporate Advisors, LLC ("BCCA")[1] on a limited basis in connection with this engagement.

**BDO's Connection with the Debtor, Creditors and Other Parties-In-Interest**

3. Other than the initial communication between my firm, the Trustee and representatives of the Trustee with respect to the retention of my firm in this case, to my knowledge, neither my firm nor any members of my firm had any business, professional or other connection with the Debtor or any other party in interest on **Schedule 1** attached hereto and incorporated herein by reference.

4. BDO is the U.S. member firm of BDO International. BDO International is an organization comprised of member firms that have standardized policies, procedures and quality control but do not share profits and are not legally connected such as in a partnership. To my knowledge, BDO International's individual member firms have not performed work for the Debtor.

5. BDO is not a creditor of the Debtor as specified in subparagraph (A) of 11 U.S.C. §101(14).

---

[1] BDO Consulting Corporate Advisors, LLC is a separate legal entity and is affiliated with BDO USA, LLP, a Delaware limited liability partnership and the U.S. member of BDO International Limited. BDO International Limited is a UK company limited by guarantee, and forms part of the international BDO network of independent member firms.

6. To my knowledge, no Partner or employee of BDO has been a director, officer or employee of the Debtor or of within two years prior to May 26, 2010 (the "Petition Date") as specified in subparagraph (B) of 11 U.S.C. §101(14).

7. BDO does not have an interest materially adverse to the interest of the estate or of any class of creditors by reason of any direct or indirect relationship to, connection with the Debtor, or for any other reason as specified in subparagraph (C) of 11 U.S.C. §101(14).

8. To my knowledge and subject to the disclosures herein, of those creditors and other parties in interest for whom I performed a conflict check and who are detailed on **Schedule 1**, neither my firm nor any members of my firm has any business relationships with those parties which are affiliate with the Debtor or may be creditors of the Debtor.

9. As part of its practice, BDO appears in cases, proceedings and transactions involving many different creditors, shareholders, attorneys, accountants, financial consultants, investment bankers and other entities, some of which may be parties-in-interest in this case, including: (i) Pereira & Sinisi LLP; and (ii) Troutman Sanders LLP in matters unrelated to this Chapter 7 case. BDO does not represent any such entity, other than which has already been disclosed, in connection with the pending case or have a relationship with any such entity or professional which would be adverse to the Debtor or the Debtor's estate.

### Discovery and Review of Disclosure Items

10. BDO has undertaken a detailed search to determine, and to disclose, whether it represents or has represented any significant creditors, insiders or other parties-in-interest in this and in any unrelated matters. To the extent that I have been provided with the names of each of the persons and entities listed on **Schedule 1**, BDO has performed a review of potential

3

connections and relationships between BDO and (i) the Debtor and Debtor's affiliates; (ii) Debtor's Lenders and Lenders' Affiliates; and (iii) the Debtor's Professionals.

11. From time to time, BDO has been retained and likely will continue to be retained by certain creditors of the Debtor, but it is the intention of my firm to use commercially reasonable efforts to limit any such engagements to matters unrelated to this Chapter 7 case.

12. In connection therewith, BDO searched its internal database, sent out e-mails to all of its Partners and employees and investigated all responses. Despite commercially reasonable efforts to identify and disclose BDO's connections with parties-in-interest in these cases, as made known to me in writing, because BDO along with other member firms of BDO International, has over 625 offices in over 110 countries with over 31,000 employees, BDO is unable to state with certainty that every client representation or other connection has been disclosed. In this regard, if BDO discovers additional information that, in BDO's reasonable opinion requires disclosure, BDO will file a supplemental disclosure with the Court as promptly as possible.

13. To the best of my knowledge, information and belief, BDO neither holds nor represents any interest adverse to the Debtor, or its estate, in the matters for which it is proposed to be retained. Accordingly, BDO believes that it is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as modified by section 1107(b) of the Bankruptcy Code and as required by section 327(a). Therefore, I submit that the Trustee's employment of BDO would be in the best interests of the Debtor and its estate.

14. In addition, to the best of my knowledge, BDO does not have any connection to the United States Trustee for Region 2, or any person employed in the office of the United States

4

Trustee outside of our role as a retained professional in other cases as required by Federal Rule of Bankruptcy Procedure 2014; and to the best of my knowledge, no one employed by my Firm is a relative of the Bankruptcy Judge in the above captioned case or the United States Trustee for Region 2 as required by Federal Rule of Bankruptcy Procedure 5002.

**Services Performed**

15. The general nature of services that BDO will perform for the Trustee may include, but are not limited to, the following as requested by the Trustee and agreed to by BDO:

(a) Assist the Trustee in the marshaling and liquidation of assets of the Debtor's estate;

(b) Analyze the financial operations of entities owned by the Debtor's pre and post-petition, as necessary;

(c) Analyze the financial ramifications of any proposed transactions for which the Debtor seeks Bankruptcy Court approval including, but not limited to, post-petition financing and/or sale of all or a portion of the Debtor's assets;

(d) Conduct any requested financial analysis including verifying the material assets and liabilities of the Debtor, as necessary, and their values;

(e) Assist the Trustee in its review of monthly statements of operations submitted by the Debtor;

(f) Perform claims analysis for the Trustee;

(g) Assist the Trustee in its evaluation of cash flow statements prepared by the Debtor;

(h) Scrutinize cash disbursements for the periods prior to and subsequent to the commencement of this case;

(i) Perform forensic investigative services, as requested by the Trustee, regarding pre-petition activities of the Debtor in order to identify potential causes of action, including investigating transfers to affiliates and fraudulent transfers;

(j) Analyze transactions with insiders, related and/or affiliated companies;

(k) Analyze transactions with the Debtor's financing institutions, if applicable;

5

(l)      Assist the Trustee in operating the businesses that are owned by the Debtor, if requested by the Trustee;

(m)      Prepare Federal, State and Local tax returns and requisite disclosures and forms, as necessary; and

(n)      Perform other necessary services as the Trustee may request from time to time with respect to the financial, business and economic issues that may arise.

**BDO's Rates and Billing Practices**

16.      BDO's request for compensation for professional services rendered for the Committee shall be based upon the time expended to render such services and at billing rates commensurate with the experience of the person performing such services and will be computed at the hourly billing rates customarily charged by BDO for such services.

The hourly billing rates as of the date of this Affidavit are as follows:

| | |
|---|---|
| Partners/Managing Directors | $475 to $795 per hour[2] |
| Directors & Sr. Managers | $375 to $525 per hour |
| Managers | $325 to $425 per hour |
| Seniors | $200 to $350 per hour |
| Staff | $150 to $225 per hour |

17.      The Trustee selected BDO as its financial advisor and accountants, in part, because BDO can provide the Trustee with the full range of financial advisory services outlined in paragraph 15 above.

18.      In connection with the submission of periodic billings, BDO will provide detailed descriptions for each professional of the services performed, and the time expended on the engagement for all relevant engagement activity categories.

---

[2] It is not anticipated that any substantial time of Partners/Managing Directors will be utilized. If that situation changes after the initial monitoring and forensic accounting services are performed, BDO will advise the Court, the Trustee and the Chapter 7 Trustee of the same.

19. Reasonable out of pocket expenses will be charged at actual costs incurred (and will include charges for travel, report production, delivery services, etc.) and will be itemized separately from the fees on our applications for compensation.

20. In the normal course of business, BDO revises its regular hourly rates to reflect changes in responsibilities, increased experience, and increased costs of doing business. Accordingly, BDO requests that the aforementioned rates be revised to the regular hourly rates, which will be in effect from time to time. Changes in regular hourly rates will be noted on the invoices for the first time period in which the revised rates became effective.

21. In accordance with section 504 of the Bankruptcy Code, no agreement or understanding exists between me, and, to my knowledge, between my firm or any other member or associate of my firm, on the one hand, and any other person, on the other hand, for the sharing of compensation as my firm may receive in connection with services rendered in these cases, nor will any division of fees prohibited by section 504 of the Bankruptcy Code be made by me, or, to my knowledge, any partner or associate of my firm.

22. BDO intends to apply to the Court for the allowance of compensation for professional services rendered and reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules of the Eastern District of New York and any orders entered by the Court.

23. BDO has agreed to accept as compensation such sums as may be allowed by the Court based upon the professional time spent, the rates charged for such services, the necessity of such services to the administration of the estates, the reasonableness of the time within which

the services were performed in relation to the results achieved, and the complexity, importance and nature of the problems, issues or tasks addressed in these cases. BDO understands that interim and final fee awards are subject to approval by the Court.

As set forth above, BDO respectfully requests that it be retained effective as of July 28, 2011 and all services rendered by BDO to the Trustee from that date forward be deemed authorized pursuant to this Court's Order.

Dated:  New York, New York
August 8, 2011

*s/Willam K. Lenhart*
William K. Lenhart, Partner
BDO USA, LLP

Sworn and subscribed to before me
this 8th day of August 2011.

*s/Deborah J. Maisano*
Deborah J. Maisano
NOTARY PUBLIC-STATE OF NEW YORK
No. 01MA6244267
Qualified in Richmond County
My Commission Expires July 05, 2015

# SCHEDULE 1

## PARTIES IN INTEREST REVIEWED FOR CURRENT RELATIONSHIPS

**Debtor**
Christine Persaud

**Affiliated Individuals & Entities**
Romeo Persaud
Abraham Klein
Joel Klein
Philip Gottehrer
Christine Institute of Vocational Training, Inc.
Georgetown Consulting
Caring Home Care
Christine Home Care, inc.
Ashley Institute Inc.
Christine Housekeeping and Child Care
DM&M, Inc.
Christine Construction, Inc.
Big Apple Registry, Inc.
Liberty Home Care
Liberty Home Care Employment Agency, Inc.
Licensed Health Care Services Agency, Inc.
Caring Home Care Agency
Licensed Health Care Services Agency

**Chapter 7 Trustee**
John S. Pereira
Pereira & Sinisi, LLP

**Counsel to Chapter 7 Trustee**
Troutman Sanders LLP

1

# PROPOSED ORDER

1460846v1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re

CHRISTINE PERSAUD,

              Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Chapter 7
Case No. 10-44815 (ESS)

## ORDER AUTHORIZING RETENTION OF BDO USA, LLP
## AS FINANCIAL ADVISOR AND ACCOUNTANTS TO THE TRUSTEE

Upon the application (the "Application") of John S. Pereira, as chapter 7 trustee (the "Trustee") of the above-captioned debtor (the "Debtor"), for an order authorizing him to employ and retain, pursuant to Sections 327 and 328 of the Bankruptcy Code, BDO USA, LLP ("BDO"), as financial advisor and accountants to the Trustee; and upon the affidavit of William K. Lenhart, (the "Lenhart Affidavit") which is annexed to the application as Exhibit A, a certified public accountant and partner of BDO; and the Court being satisfied that BDO represents no interest adverse to the Debtor's estate with respect to the matters upon which they are to be engaged and are disinterested as that term is defined in section 101(14) of the Bankruptcy Code; and that BDO's employment is necessary and would be in the best interest of the Debtor's estate; and it appearing that the Court has jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and appropriate notice of the Application has been given and that no further notice need be given; and upon all of the proceedings had before the Court; and the Court having

2

1460846v1

found and determined that the relief sought in the Application is in the best interests of the Debtor, its estate and creditors, and all parties in interest and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing it is hereby;

**ORDERED**, that the Trustee is authorized to employ and retain BDO as financial advisor and accountants, effective as of July 28, 2011; it is further

**ORDERED**, that pursuant to the terms set forth in the Application, BDO shall be compensated in accordance with its normal hourly rates in effect from time to time plus reimbursement of actual and necessary expenses incurred, and in accordance with the substantive standards set forth in Bankruptcy Code sections 330 and 331, it is further

**ORDERED**, that BDO shall file applications in compliance with the Bankruptcy Code, applicable Bankruptcy Rules, local rules of the Court, and such other procedures as may be fixed by order of this Court.

Dated: Brooklyn, New York
       August \_\_\_, 2011

**PROPOSED**

_____
UNITED STATES BANKRUPTCY JUDGE

**NO OBJECTION:**
**OFFICE OF THE UNITED STATES TRUSTEE**

By:_____