UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re

CHRISTINE PERSAUD,

                       Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

: Chapter 7
:
: Case No. 10-44815 (ESS)
:
:
:

## SUPPLEMENTAL DECLARATION OF JOHN P. CAMPO IN ACCORDANCE WITH FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014

JOHN P. CAMPO, a licensed attorney, declares under penalty of perjury, the following:

1. I am an attorney duly licensed to practice law in the State of New York. I am admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York and the United States Court of Appeals for the Second Circuit.

2. I am a partner with the firm of Troutman Sanders LLP ("Troutman") which maintains an office at The Chrysler Building, 405 Lexington Avenue, New York, New York 10174.

3. I make this supplemental declaration in further support of the Trustee's application for entry of an order authorizing the retention and employment of Troutman as substitute counsel to represent the Trustee in this case (the "Application") and to reply to the alleged conflict issues raised by creditor Abraham Klein ("Klein") in his objections to the Application.

4. Klein alleges that there is a conflict (or a potential conflict) in Troutman's representation of the Trustee based on work done by Troutman in 2008 for Global Realty Ventures ("Global Realty"), a company in which Klein is, or was, a director/officer. As set forth

1461583v1

below, there is neither a conflict of interest nor a potential for a conflict of interest in this case as a result of Troutman's prior representation of Global Realty.

5.  The client in Troutman's prior representation was not Klein personally (the capacity in which he asserts his claim in this case). Troutman has never represented Klein personally. Rather, Troutman's previous client was the entity, Global Realty. As set forth below, Troutman's Shanghai lawyers represented Global Realty in only one matter involving a potential investment in real estate in the People's Republic of China ("China").

6.  Contrary to Klein's assertions, Troutman's prior representation has been concluded, and Troutman no longer represents Global Realty. Troutman ceased work on that matter in December 2008, and the matter is closed. Troutman has not had any contact with Global Realty and/or Klein in more than two years.

7.  Troutman's prior representation of Global Realty will not affect Troutman's representation of the Trustee in this case, including Troutman's ability and willingness to be adverse to Klein. Contrary to Klein's assertions, Troutman's duty of loyalty only existed with respect to Global Realty in the matter in which Global Realty was represented by Troutman, and that matter is now closed. Troutman owes no duty of loyalty to Klein.

8.  In addition, the prior representation of Global Realty was completely unrelated to Klein's current disputes with the Debtor and the Trustee on behalf of the Debtor's estate. That prior representation involved advice and assistance in connection with a potential investment by Global Realty in certain real property located in China, and was handled exclusively through the Troutman office in Shanghai. Contrary to Klein's assertions, Aurora Cassirer, the managing partner of Troutman's New York office, was not the "point person" on the Global Realty matter. Ms. Cassirer never billed attorney time to the matter, never actually met Klein, and never spoke

to Klein after putting him in contact with Edward Epstein, Esq., the managing partner in Troutman's Shanghai office.

9. Moreover, during the course of the prior representation, Troutman did not become privy to any confidential information that would have any bearing on this case and the disputes herein. Except for Global Realty's potential real estate investment in China some three years ago, which was the subject of Troutman's prior engagement by Global Realty, Troutman never became privy to, and has no knowledge of, any of Klein's business dealings in China, including his apparent interests in "Trade Fame Group Ltd.," the entity set forth in Klein's objections. Troutman's prior representation of Global Realty can have no conceivable overlap with the Trustee's investigation of the facts pertaining to this case and the services to be rendered on behalf of the Trustee, including the investigation and pursuit of the estate's potential claims against Klein.

10. I make this declaration under penalty of perjury in accordance with Bankruptcy Rule 2014(a) and 9011(b).

Dated:  New York, New York
        August 19, 2011

                                             */s/ John P. Campo*
                                               John P. Campo