UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re                                              : Chapter 7
                                                   :
CHRISTINE PERSAUD,                                 : Case No. 10-44815 (ESS)
                                                   :
                                                   :
              Debtor.                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**AFFRIMATION OF JOHN P. CAMPO IN RESPONSE TO THE
OBJECTION OF ABRAHAM KLEIN TO THE TRUSTEE'S
APPLICATION TO RETAIN TROUTMAN SANDERS LLP**

**TO THE HONORABLE ELIZABETH S. STONG
UNITED STATES BANKRUPTCY JUDGE**

JOHN P. CAMPO, an attorney admitted to the bar of the State of New York, affirms as follows:

1. I am a partner with the firm of Troutman Sanders LLP ("Troutman"), and I make this declaration in response to the objection (the "Objection") of Abraham Klein ("Klein") to the Trustee's application for entry of an order authorizing the retention and employment of Troutman as substitute counsel to the Trustee in this case (the "Application").

2. The alleged basis of Klein's Objection is that Troutman has a conflict of interest in representing the Trustee as a result of Troutman's prior representation of Global Realty Ventures ("Global Realty"), a company in which Klein either is or was a director/officer. For the reasons set forth herein, there is no conflict of interest, or potential for a conflict of interest, in this case.

3. By way of background, in a telephone conversation on August 1, 2011 with Klein's attorney, Mendel Zilberberg ("Zilberberg"), regarding the Trustee's request for certain financial information and access to Caring Home Care Agency ("Caring"), Zilberberg raised an issue regarding a potential conflict. Specifically, Zilberberg told me that Troutman "may" have a

1462064v1

conflict in the case because Klein thought Troutman may be representing him in an unrelated matter. I advised Zilberberg that I had run Klein's name in the Troutman conflict and client database, and had found no conflicts or representations. I asked Zilberberg whether he was referring to an ongoing or prior matter, and Zilberberg replied that he "did not know", but that his client "thought it may be ongoing." I told Zilberberg that I would go back and check our database again to make sure that we did not have any ongoing representation of Klein. I also suggested that Zilberberg confirm with Klein whether or not the matter was ongoing. Finally, I advised Zilberberg that if the representation he was referring to wasn't an ongoing matter, then there wouldn't be any conflict, and Zilberberg agreed with me on this point.

4.      I then contacted Troutman's conflict department again and requested that they re-run Klein's name in the firm's database, including both open and closed matters. The database did not reflect any representation of Klein, either past or present. The database did pick up a prior closed representation of Global Realty, and listed Klein as a director/officer of that entity. I made further inquiry in Troutman and confirmed that the matter was closed. I advised the Trustee of my conversation with Zilberberg and the results of the updated conflicts search, and we both concluded, for the reasons set forth below, that there was no conflict.[1]

Troutman Has No Conflict of Interest in this Case

5.      As set forth above, the client in Troutman's prior representation was not Klein personally (the capacity in which he asserts his claim in this case). Troutman has never represented Klein personally. Rather, Troutman's previous client was Global Realty, which was

---

[1] The Court should note that, after my conversation with Zilberberg, and after Troutman determined that the prior representation was not of Klein and that it was closed, I never heard from Zilberberg again regarding the alleged conflict until the filing of the Objection. In fact, on August 4, 2011, I was served with a copy of Klein's motion in this Court for an order declaring void and of no effect the Appellate Division's decision reversing the prior arbitration award. That motion specifically lists Troutman as counsel for the Trustee. At that point I presumed that Zilberberg and Klein, like Troutman, had confirmed that the prior unrelated matter was closed and that there was no conflict.

represented by lawyers in Troutman's Shanghai office in one matter involving a potential investment in real estate in the People's Republic of China ("China").

6. Even more importantly, and contrary to Klein's assertions, Troutman's prior representation has been concluded, and Troutman no longer represents Global Realty. Troutman ceased work on the Global Realty matter in December 2008, and the matter is closed. Troutman has not had any contact with Global Realty and/or Klein in more than two years.

7. Additionally, Troutman's prior representation of Global Realty in an unrelated matter will not affect Troutman's representation of the Trustee in this case, including Troutman's ability and willingness to be adverse to Klein. Contrary to Klein's assertions, Troutman's duty of loyalty only existed with respect to Global Realty in the matter in which Global Realty was represented by Troutman, and that matter is now closed. Troutman owes no duty of loyalty to Klein.

8. Furthermore, the prior representation of Global Realty was completely unrelated to Klein's current disputes with the Debtor and the Trustee on behalf of the Debtor's estate. That prior representation involved advice and assistance in connection with a potential investment by Global Realty in certain real property located in China, and was handled exclusively through the Troutman office in Shanghai. Contrary to Klein's assertions, Aurora Cassirer, the managing partner of Troutman's New York office, was not the "point person" on the Global Realty matter. Ms. Cassirer never billed attorney time to the Global Realty matter, never actually met Klein, and never spoke to Klein after putting him in contact with Edward Epstein, Esq., the managing partner in Troutman's Shanghai office.

9. Moreover, during the course of the prior representation, and, again, contrary to Klein's assertions, Troutman did not become privy to any confidential information that would

have any bearing on this case and the disputes herein. Except for Global Realty's potential investment in a real estate project in China, Troutman never became privy to, and has no knowledge of, any of Klein's business dealings in China, including his apparent interests in "Trade Fame Group Ltd.," the entity set forth in Klein's objections. It is inconceivable that Troutman's prior representation of Global Realty will have any overlap with the Trustee's investigation of the facts pertaining to this case and the services to be rendered on behalf of the Trustee, including the investigation and pursuit of the estate's potential claims against Klein.

<u>Klein's "Objection" is Really an "Obfuscation"</u>

10.     Klein's Objection, which is premised on the alleged nonexistent conflict, is really an attempt by Klein to obfuscate what is really at issue in this case; namely, that Klein's possession of and control over Caring Home Care Agency ("Caring"), which he obtained under the prior arbitration award, should be turned over to the Trustee as the representative of the Debtor's estate.

11.     Although he uses the alleged conflict as the premise to file the Objection, Klein is really attempting to convince this Court that, notwithstanding his complete participation in the Debtor's appeal that led to the reversal of the state court judgment confirming the arbitration award, this Court should now rule that that the prosecution of the appeal was in violation of the stay, and that the Appellate Division reversal is of no force and effect.

12.     As set forth in the Trustee's Memorandum of Law in support of this response, and in opposition to Klein's motion for an order declaring the Appellate Division decision void, Klein cannot now be heard to argue that the automatic stay should be used to void the reversal and keep Klein in possession of Caring. Even if this Court were to determine that the Debtor should have filed a motion or relief from the automatic stay in this case, there is more than a

sufficient factual and legal basis for the Court to determine that the stay should be lifted retroactively. Not only did Klein and the Debtor apprise this Court that the appeal was going forward post-petition, Klein himself actively participated in the appeal, including filing of a motion to reargue after the lower court reversal. Moreover, Klein himself was actively violating the automatic stay post-petition through the enforcement of the state court judgment.

13. Notwithstanding the Trustee's good faith attempts to get Klein to cooperate in the administration of the Debtor's estate, including giving the Trustee access to Caring's business and its financial records, Klein has failed to cooperate, causing the Trustee to now file separate motions, by order to show cause, for 2004 examinations of Klein, Caring and other individuals associated with Caring. Klein attempts to use the Objection, and his motion regarding the automatic stay, to obfuscate the Court from the fact that the prior arbitration award, which was both issued and confirmed on default, is of no force and effect. Klein attempts to use the automatic stay to maintain possession of Caring, after he himself knowingly and willfully violated that stay. This Court, as a court of equity, should not tolerate this action.

Conclusion

14. For the reasons set forth herein, Klein's Objection should be overruled.

Dated: New York, New York
       August 19, 2011

                                                   */s/ John P. Campo*
                                                   John P. Campo
                                                   Troutman Sanders LLP
                                                   The Chrysler Building
                                                   405 Lexington Avenue
                                                   New York, NY  10174
                                                   (212) 704-6075