Page 1

1

2    UNITED STATES BANKRUPTCY COURT

3    EASTERN DISTRICT OF NEW YORK

4    - - - - - - - - - - - - - - - - - - - - -x

5    In the Matter of:                          Case No.

6    LIBERTY HOME CARE,                          10-44799-ess

7              Debtor.

8    - - - - - - - - - - - - - - - - - - - - -x

9    In the Matter of:                          Case No.

10   CHRISTINE PERSAUD,                          10-44815-ess

11             Debtor.

12   - - - - - - - - - - - - - - - - - - - - -x

13   KLEIN, Plaintiff,                          Adv. Case No.

14          v.                                  10-01228-ess

15   CHRISTINE PERSAUD, et al, Defendants

16   - - - - - - - - - - - - - - - - - - - - -x

17                  United States Bankruptcy Court

18                  271 Cadman Plaza East

19                  Brooklyn, New York

20                  May 20, 2011

21                  10:39 AM

22

23   B E F O R E:

24   HON. ELIZABETH S. STONG

25   U.S. BANKRUPTCY JUDGE

Page 2

1

2    [1] Adjourned Pre-trial Conference re: Complaint.  Adjourned

3    from: 10/19/10; 11/4/10; 12/14/10; 1/5/11; 2/2/11; 3/10/11;

4    4/7/11

5

6    [4] Adjourned Motion to Dismiss/Withdraw Adversary Complaint,

7    In Addition to Motion for More Definite Statement, or in the

8    Alternative Motion to Strike Part of All of Adversary

9    Complaint.  Adjourned from: 11/4/10; 12/14/10; 1/5/11; 2/2/11;

10   3/10/11; 4/7/11

11

12   Adjourned Discovery Conference (re: Related Document(s) [130]

13   Letter).  Adjourned from: 4/27/11

14

15   [36] Adjourned Motion for 2004 Examination of Several

16   Individuals and Entities, Including the Debtor.  Adjourned

17   from: 9/7/10; 10/19/10; 11/14/10; 12/14/10; 1/5/11; 2/2/11;

18   3/10/11; 4/7/11

19

20   [1] Adjourned Pre-trial Conference re: Complaint.  Adjourned

21   from: 10/19/10; 11/4/10; 12/14/10; 1/5/11; 2/2/11; 3/10/11;

22   4/7/11

23

24   Adjourned Discovery Conference (re: Related Document(s) [28]

25   Letter).  Adjourned from: 4/27/11

Page 3

1

2     [6] Adjourned Motion to Dismiss/Withdraw Adversary Complaint,

3     In Addition to Motion for More Definite Statement, or in the

4     Alternative Motion to Strike Part of All of Adversary

5     Complaint.  Adjourned from: 11/4/10; 12/14/10; 1/5/11; 2/2/11;

6     3/10/11; 4/7/11

7

8     Adjourned Discovery Conference (re: Related Document(s) [165]

9     Letter).  Adjourned from: 4/27/11

10

11    [30] Adjourned from Motion for 2004 Examination of Several

12    Individuals and Entities, Including the Debtor.  Adjourned

13    from: 9/7/10; 10/19/10; 11/14/10; 12/14/10; 1/5/11; 2/2/11;

14    3/10/11; 4/7/11

15

16

17

18

19

20

21

22

23

24

25    Transcribed by:  Devora Kessin

Page 4

1

2    A P P E A R A N C E S :

3    BRUCE FEINSTEIN, P.C.

4         Attorney for Debtors

5         86-66 110th Street

6         Richmond Hill, NY 11418

7

8    BY:   BRUCE FEINSTEIN, ESQ.

9

10

11   MENDEL ZILBERBERG & ASSOCIATES

12        Attorneys for Abraham Klein

13        6619 Thirteenth Avenue

14        Brooklyn, NY 11219

15

16   BY:   MENDEL ZILBERBERG, ESQ.

17

18

19   OFFICE OF CHIEF COUNSEL

20        Attorneys Internal Revenue Service

21        33 Maiden Lane

22        New York, NY 10038

23

24   BY:   HANNA KLAPPER, ESQ.

25

LHC, CHRISTINE PERSAUD, KLEIN v. PERSAUD

Page 5

```
 1                    P R O C E E D I N G S
 2           THE CLERK:  Numbers 55 through 63 on the calendar; all
 3    matters regarding Liberty Home Care and Christine Persaud.
 4           THE COURT:  Good morning.
 5           MR. FEINSTEIN:  Good morning, Your Honor.  Bruce
 6    Feinstein for the debtor Liberty Home Care and Christine
 7    Persaud.
 8           MS. KLAPPER:  Hanna Klapper, representing the IRS.
 9           MR. ZILBERBERG:  Good morning, Your Honor.  Mendel
10    Zilberberg representing Creditor Klein.
11           THE COURT:  All right.
12           Well thank you all. We're here on the pre-trial
13    conference motion in the adversary proceeding; discovery
14    conference -- which I'm thinking perhaps we can mark off.  2004
15    exam and parallel matters in the individual case.
16           Let's hear from debtor's counsel, please.
17           MR. FEINSTEIN:  Yes, thank you Your Honor.
18           Your Honor, I note that we're appearing before you
19    approximately twenty minutes earlier than the stated time, and
20    I appreciate --
21           THE COURT:  Was it an 11 o'clock call?
22           THE CLERK:  No, that was the --
23           THE COURT:  Please proceed.
24           MR. FEINSTEIN:  Thank you.  I want to mention to the
25    Court that I've spoken to all the parties that have been here
```

```
 1    previously to ascertain which of those parties planned to be

 2    here today and can tell the Court that as far as New York

 3    State, Ms. Dwyer did not plan to appear today; the U.S.

 4    Trustee's Office, Bill Curtin advised me that he would not

 5    appear, nor would he be sending somebody else from the U.S.

 6    Trustee's Office; and I spoke to the two Chapter 7 trustees who

 7    have been appointed to the case, neither of whom said they plan

 8    to appear today as well.

 9              THE COURT:  All right; let's proceed.

10              MR. FEINSTEIN:  All right.

11              Since our last appearance, one of the issues that I

12    had mentioned in terms of new application, was that the debtor

13    had retained other counsel to succeed me.  I've had a

14    conversation with counsel; we've had -- I prepared a consent to

15    change attorneys but haven't had time to execute it; I

16    understand he may be on his way here this morning; if not I

17    will take care of that.

18              THE COURT:  Thank you.

19              MR. FEINSTEIN:  Thank you, Your Honor.

20              And one thing that's happened since our last

21    appearance here is that the Appellate Court decision with

22    respect to the underlying Supreme Court case referencing Debtor

23    Klein, has come down.  The Appellate Court did in fact reverse

24    the Supreme Court's confirmation of the arbitration award and

25    that has been sent back.  I'm sure Mr. Zilberberg will have
```

LHC, CHRISTINE PERSAUD; KLEIN v. PERSAUD

Page 7

1    something to say with respect to that.

2            THE COURT:  Um-hum.

3            MR. FEINSTEIN:  Both of the 341 hearings in terms of

4    status, were scheduled to be heard by the Chapter 7 trustees

5    this week, but the debtor, who is not here today, has been ill

6    all week; and so those matters have been rescheduled.

7            And finally, the Chapter 7 trustee for Liberty Home

8    Care filed late yesterday a letter of which appears to abandon

9    the Chapter 7 trustee's interest in Liberty Home Care.  I had a

10   conversation with him on the phone yesterday, I wasn't sure

11   that was the direction he was taking and I have not had a

12   conversation with him subsequent to that letter being filed.

13   So I'm not sure where that's going; but there is apparently a

14   hearing scheduled -- or he scheduled a hearing -- on June 17th

15   on that particular matter.

16           That would be as far as status goes, Your Honor.

17           THE COURT:  Okay; all right.

18           Mr. Zilberberg, let me hear from you.

19           MR. ZILBERBERG:  I guess probably the most important

20   issue to advise the Court of, is the Appellate Court's ruling.

21   And what the Appellate Court -- or the Lower Court -- had

22   originally ruled -- being that there are two prongs to overturn

23   a default; one being a reasonable excuse and the other being

24   the meritorious defense -- the Lower Court had only reached the

25   reasonable excuse --

Case 1-10-44815-ess    Doc 354    Filed 12/19/11    Entered 12/19/11 16:14:47
Case 1:12-cv-03337-JG    Document 1-50    Filed 07/05/12    Page 8 of 18 PageID #: 1243
EHC, CHRISTINE PERSAUD, KLEIN v. PERSAUD

Page 8

1              THE COURT:  Um-hum.

2              MR. ZILBERBERG:  -- which the Appellate Court

3      overturned.  And we will be filing, among other things, with

4      the Appellate Court for rearguement, within the next --

5      probably week to ten days.

6              The second point that was not reached --

7              THE COURT:  What's the basis for reargument?  As I

8      recall the decision, it was a reversal and a remand --

9              MR. ZILBERBERG:  Right.

10             THE COURT:  -- to reconsider that issue in State

11     Supreme.

12             MR. ZILBERBERG:  I will -- no, Your Honor -- if I may

13     continue, I'll explain the basis; I want to go through both

14     prongs and then explain the basis for each.

15             THE COURT:  Okay.

16             MR. ZILBERBERG:  As it currently stands -- and the

17     second, the Lower Court had never reached the issue of

18     meritorious defense and our position was always that issue was

19     never in front of the Appellate Division.  However, the

20     Appellate Division cited authority that they could reach out

21     and make a ruling in a meritorious defense.

22             If I could address the meritorious defense first, and

23     I say this with all deference to this Court that had clearly

24     earlier in this session, set forth its displeasure with

25     attorneys speaking ill or disparagingly of other attorneys.

```
 1   The Appellate Division relied on an affidavit of an attorney in

 2   reaching out, relating to the meritorious defense.  I have that

 3   attorney's deposition testimony, wherein not only did he recant

 4   his totality of testimony, he sought to invoke the Fifth

 5   Amendment regarding the totality of that affidavit.  That

 6   affidavit is not truthful; I have no other words to say.  And

 7   we were precluded from bringing it to the Appellate Division

 8   because the Appellate -- the meritorious defense was not in

 9   front of them; I could not seek to enlarge the record after

10   discovered evidence on an issue that was not rightfully before

11   them.

12           THE COURT:  It strikes me that all these issues are

13   issues for the State Court.

14           MR. ZILBERBERG:  But what they did --

15           THE COURT:  That with respect to anything before me

16   today, it -- well, I have before me the decision from May 10th

17   and it speaks for itself.  I don't think it affects anything I

18   would do today in the administration of the adversary

19   proceedings or these Chapter 7 bankruptcy cases.  Now these

20   assets, whatever they are, being in the hands of trustees, it

21   seems to me that all there is -- and with new counsel

22   potentially for the debtor coming in -- anticipated coming

23   in -- I respect your disagreement with the decision; I'm

24   interested to know that instead of proceeding in State Supreme,

25   you're going to revisit the issues or seek to revisit them in
```

LHC, CHRISTINE PERSAUD; KLEIN v. PERSAUD

1    the Appellate Division.  But it seems to me the only question

2    for me is really one of scheduling; when should we have the

3    parties back -- because we don't need to argue, therefore of

4    course no need to disparage -- a matter that's going to be

5    heard by a different court on papers that haven't been filed.

6           MR. ZILBERBERG:  Your Honor --

7           THE COURT:  I'm just trying to save you time.

8           MR. ZILBERBERG:  I understand.  I don't think that

9    procedurally there's anything in front of the Court.

10          THE COURT:  Okay.

11          MR. ZILBERBERG:  The only reason, if I may, just one

12   second, considering that my client has been accused of

13   potentially criminal activity -- of forging documents and

14   things of that sort -- I just wanted to bring out that the fact

15   that there's a decision in the Appellate Court, does not really

16   go to the issue of Creditor Klein in his personal capacity.

17          That having been said, I would also like to report to

18   the Court that Mr. Feinstein has graciously agreed to accept

19   service on behalf of the two employees of Liberty Home Care --

20   because we were having trouble serving them at their place of

21   business.  And one other thing that Mr. Feinstein may have

22   failed to mention, is that when we spoke outside, he said that

23   in the event he does not have a substitution of attorney in the

24   next few days -- next few working days -- that he would be

25   filing a motion to withdraw in any case, in that we have -- if

Case 1:12-cv-03337-JG   Document 1-50   Filed 07/05/13   Page 11 of 18 PageID #: 1246

LHC, CHRISTINE PERSAUD; KEEN V. PERSAUD

1    I may say -- that the return date of that would be the same

2    return date he would seek as to the trustee's motion and we

3    will similarly -- if we can't confer and take care of things

4    with either Mr. Feinstein or new counsel -- maybe filing a

5    motion to compel in terms of discovery relate, and hopefully

6    we'll have the same return date; so there should be a lot of

7    things happening on that June 17th date.

8              THE COURT:  Okay.  And what time on the 17th is that?

9              MR. ZILBERBERG:  He asked for 9:30 on the 17th.

10             THE COURT:  Okay; Ms. Jackson, does that work?  9:30?

11             THE CLERK:  I have 10 or 11.

12             THE COURT:  I'm sorry?  10 or 11?  We'll get

13   everything on for probably 10 or 11 instead but we'll

14   coordinate that.  My court deputy will coordinate that so

15   there's no confusion.

16             I have something at noon so 11's not going to work for

17   me.  Want to say 9?

18             THE CLERK:  Okay, then.

19             THE COURT:  We'll say 9 o'clock actually; put you

20   first thing.

21             Okay; Ms. Klapper?  I'd like to hear from you;

22   anything you have to add?

23             MS. KLAPPER:  Your Honor --

24             THE CLERK:  Speak closer to the mic, please?

25             MS. KLAPPER:  I entered the hearing today as a very

1    interested party of course, and I had been exploring with Mr.

2    Feinstein -- I don't know what will happen now -- ways for the

3    debtor to pay her tax debt; and we explored certain options and

4    I'm confident that if I can continue this, either with Mr.

5    Feinstein or a new attorney, that we may be able to reach some

6    kind of agreement.

7             THE COURT:  All right.

8             MR. ZILBERBERG:  Your Honor?  I'm sorry.

9             THE COURT:  I have to say I appreciate the ways --

10   there are difficult underlying issues here; difficult in the

11   law; challenging on the dynamics among the parties and I wanted

12   to note my appreciation for the way that the lawyers have

13   worked together, despite the fact that underneath, there's a

14   fairly contentious, rather difficult matter with a long

15   history; I appreciate that, it makes all of our jobs, which are

16   hard enough, that much easier.

17            Mr. Zilberberg, let me hear from you.

18            MR. ZILBERBERG:  I just wanted to point out that from

19   the point of view of any creditor, we're in a little bit of a

20   state of limbo now because although -- and maybe amplifying

21   what Ms. Klapper's saying -- although it's in a Chapter 7,

22   rather than getting a cease and desist against her from the

23   trustee, he's looking to abandon; she's still running the

24   company, receivables are coming in.  He's looking to abandon

25   the receivables, which is at this point in time, until the

Page 13

1    17th, until that hearing and from, you know, things are kind of

2    in free-fall, for lack of a better term.  And I think it's

3    something the Court should be aware of.

4          THE COURT:  Well, I appreciate that the trustees -- we

5    have two fine and experienced trustee here, in Mr. O'Connell

6    and Mr. Pereira; they bring between the two of them decades,

7    decades of experience.  They have a business judgment and if I

8    use your obligation under the supervision of the Office of the

9    United States Trustee, which is part of the United States

10   Department of Justice, so I have every reason to assume, as I

11   do in every professional performance, that they will discharge

12   their duties and obligation in good faith.

13          And we'll be back on June 17th on all these matters;

14   we'll see who here's for counsel.

15          I'm inclined to mark off the calendar -- intend to

16   mark off the calendar -- the discovery conferences because I

17   think we need to see how these matters shake out; we can always

18   put them back; we can always conference discovery issues in the

19   context of status.

20          So, all the other matters -- and I will spare the

21   record the recitation -- will be marked to that day and time,

22   June 17th at 9 o'clock; it's already in the calendar.  And

23   discovery conferences will be marked off.

24          And interesting developments; we'll see.  See you

25   then. Thank you so much.

1            MR. ZILBERBERG:  Thank you, Your Honor.

2            THE COURT:  I hope your clients are well.

3            MR. FEINSTEIN:  Thank you, Your Honor.

4            MR. ZILBERBERG:  Thank you, Your Honor.

5         (Whereupon these proceedings were concluded at 10:51 AM)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 15

1

2                          I N D E X

3

4                          RULINGS

5                                        Page      Line

6    All discovery conference, marked off the    13        23

7    calendar

8    Motions 1, 4, 6, 36 and 30 adjourned to June    13      22

9    17th

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 16

1

2                        C E R T I F I C A T I O N

3

4    I, Devora Kessin, certify that the foregoing transcript is a

5    true and accurate record of the proceedings.

6

7

8

9    _____

10   DEVORA KESSIN

11   AAERT Certified Electronic Transcriber CET**D 636

12

13   Veritext

14   200 Old Country Road

15   Suite 580

16   Mineola, NY 11501

17

18   Date:  December 16, 2011

19

20

21

22

23

24

25

# United States Bankruptcy Court

## Eastern District of New York
271 Cadman Plaza East, Suite 1595
Brooklyn, NY 11201–1800

---

IN RE:                                                          CASE NO: 1–10–44815–ess

    Christine Persaud

SSN/TAX ID:                                                     CHAPTER: 7

    xxx–xx–0247

           DEBTOR(s)

---

## NOTICE OF FILING OF TRANSCRIPT AND OF DEADLINES RELATED TO RESTRICTION AND REDACTION

Notice is hereby given that:

A transcript of the proceeding held on May 20, 2011 was filed on December 19, 2011 .

The following deadlines apply:

The parties have until December 27, 2011 to file with the court a Notice of Intent to Request Redaction of this transcript. The deadline for filing a Transcript Redaction Request is January 9, 2012.

If a Transcript Redaction Request is filed, the redacted transcript is due January 19, 2012.

If no such Notice is filed, the transcript may be made available for remote electronic access upon expiration of the restriction period, which is March 19, 2012 unless extended by court order.

To review the transcript for redaction purposes, you may purchase a copy from the transcriber Veritext Reporting Company ( 212–267–6868) or you may view the document at the public terminal at the Office of the Clerk.

Dated: December 22, 2011

For the Court, Robert A. Gavin, Jr., Clerk of Court

**BLnftrans.jsp** [Notice of Filing Transcript and Deadlines to Restriction and Redaction rev. 11/21/08]

# Notice Recipients

| | | |
|---|---|---|
| District/Off: 0207−1 | User: mrodrique | Date Created: 12/22/2011 |
| Case: 1−10−44815−ess | Form ID: 295 | Total: 5 |

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

db        Christine Persaud        86−25 Van Wyck Expressway, Apt. 506        Jamaica, NY 11435
aty       Mendel Zilberberg        6619 13th Avenue        Brooklyn, NY 11219
aty       Samuel J. Landau        250 West 57th Street        New York, NY 10107
aty       Stephen N Preziosi        570 Seventh Avenue        6th Floor        New York, NY 10018
          Hanna Klapper        c/o Internal Revenue Service        33 Maiden Lane        14th Floor        New York, NY
          10038

                                                                                            TOTAL: 5