Page 1

1

2    UNITED STATES BANKRUPTCY COURT

3    EASTERN DISTRICT OF NEW YORK

4    - - - - - - - - - - - - - - - - - - - -x

5    In the Matter of:                        Case No.

6    CHRISTINE PERSAUD, Debtor.               10-44815-ess

7    - - - - - - - - - - - - - - - - - - - -x

8    KLEIN, Plaintiff,                        Adv. Case No.

9          v.                                 10-01228-ess

10    CHRISTINE PERSAUD, et al, Defendants

11    - - - - - - - - - - - - - - - - - - - -x

12    KLEIN, Plaintiff,                        Adv. Case No.

13          v.                                 11-01456-ess

14    JOHN PEREIRA, Defendant

15    - - - - - - - - - - - - - - - - - - - -x

16                United States Bankruptcy Court

17                271 Cadman Plaza East

18                Brooklyn, New York

19

20                December 16, 2011

21                9:21 AM

22

23    B E F O R E:

24    HON. ELIZABETH S. STONG

25    U.S. BANKRUPTCY JUDGE

1

2    [1] Adjourned Pre-Trial Conference re: Complaint.  Adjourned

3    from:  10/19/10  11/4/10  12/14/10  1/5/11  2/2/11  3/10/11

4    4/7/11  5/20/11  6/17/11  8/16/11  9/27/11  10/28/11  11/8/11

5    11/14/11  11/28/11

6

7    [187, 228] Adjourned Hearing (RE: related document(s)[182]

8    Application to Employ Troutman Sanders.  Adjourned from:

9    9/27/11  10/28/11  11/8/11  11/14/11  11/28/11

10

11   [214] Adjourned Hearing on Application for Order to Show Cause

12   (RE: related document(s)[196] Motion for 2004 Examination of

13   Philip Gottehrer).  Adjourned from:  9/8/11  9/13/11  9/20/11

14   9/22/11  10/28/11  11/8/11  11/14/11  11/28/11

15

16   [203] Adjourned Hearing on Application for Order to Show Cause

17   (RE: related document(s)[197] Motion for 2004 Examination of

18   Joel Klein).  Adjourned from:  9/8/11  9/13/11  9/20/11

19   10/28/11  11/8/11  11/14/11  11/28/11

20

21   [201] Adjourned Hearing on Application for Order to Show Cause

22   (RE: related document(s)[198] Motion for 2004 Examination of

23   Caring Home Agency).  Adjourned from:  9/8/11  9/13/11  9/20/11

24   9/22/11  10/28/11  11/8/11  11/14/11  11/28/11

25

Page 3

1   [202] Adjourned Hearing on Application for Order to Show Cause

2   (RE: related document(s)[199] Motion for 2004 Examination of

3   Abraham Klein).  Adjourned from:  9/8/11  9/13/11  9/20/11

4   9/22/11  10/28/11  11/8/11  11/14/11  11/28/11

5

6   [204] Adjourned Hearing on Application for Order to Show Cause

7   (RE: related document(s)[195] Motion for 2004 Examination of

8   Melquisedec Escobar).  Adjourned from:  9/8/11  9/13/11

9   9/20/11  9/22/11  10/28/11  11/8/11  11/14/11  11/28/11

10

11   [179] Adjourned Motion for Violation of Automatic Stay and to

12   Void Certain Decisions of the State Supreme Court Issued In

13   Violation.  Adjourned from:  9/27/11  10/28/11  11/8/11

14   11/14/11  11/28/11

15

16   [335] Motion for Relief from Stay to Allow Parties to Return to

17   State Court for the Sole Purpose of Determining the Validity of

18   the Default Arbitration Award, the Validity of the Underlying

19   Contract Containing the Arbitration Clause and Who is the

20   Rightful Owner of Caring Home Health Care

21

22   [1] Adjourned Pre-Trial Conference re: Complaint.  Adjourned

23   from:  10/28/11  11/8/11  11/14/11  11/28/11

24

25   Transcribed by:  Shalom Boroda

Case 1-10-44815-ess    Doc 371    Filed 01/04/12    Entered 01/04/12 12:20:58
Case 1:12-cv-03337-JG   Document 1-51   Filed 07/05/12   Page 4 of 36 PageID #: 1257

Page 4

1

2  A P P E A R A N C E S :

3  LAW OFFICE OF STEPHEN N. PREZIOSI

4         Attorney for the Debtor

5         570 Seventh Avenue

6         New York, NY 10018

7

8  BY:   STEPHEN N. PREZIOSI, ESQ.

9

10

11  PEREIRA & SINISI, LLP

12         Chapter 7 Trustee

13         405 Lexington Avenue

14         7th Floor

15         New York, NY 10174

16

17  BY:   ANN MARIE SINISI, ESQ.

18

19

20

21

22

23

24

25

Case 1-10-44815-ess    Doc 371    Filed 01/04/12    Entered 01/04/12 12:20:58
Case 1:12-cv-03337-JG    Document 1-51    Filed 07/05/12    Page 5 of 36 PageID #: 1258

Page 5

```
 1

 2    TROUTMAN SANDERS LLP

 3         Attorneys for Chapter 7 Trustee, John Pereira

 4         405 Lexington Avenue

 5         New York, NY 10174

 6

 7    BY:   JOHN P. CAMPO, ESQ.

 8         LEE W. STREMBA, ESQ.

 9

10

11    MENDEL ZILBERBERG & ASSOCIATES, P.C.

12         Attorneys for Abraham Klein

13         6619 Thirteenth Avenue

14         Brooklyn, NY 11219

15

16    BY:   MENDEL ZILBERBERG, ESQ.

17

18

19    KRINSKY PLLC

20         Of Counsel to Mendel Zilberberg & Associates

21          on behalf of Abraham Klein

22         233 Broadway

23         New York, NY 10279

24

25    BY:   PERY D. KRINSKY, ESQ.
```

Page 6

```
1

2    LAW OFFICE OF JOEL LEWITTES

3         Of Counsel to Mendel Zilberberg & Associates

4            on behalf of Abraham Klein

5         1211 Avenue of the Americas

6         New York, NY 10036

7

8    BY:   JOEL LEWITTES, ESQ.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Case 1:12-cv-03337-JG   Document 1-51   Filed 07/05/12   Page 7 of 36 PageID #: 1260

CHRISTINE PERSAUD, KLEIN v. PERSAUD, KLEIN v. PEREIRA

```
 1                  P R O C E E D I N G S

 2          THE CLERK:  Numbers 1 through 10 on the calendar.  All

 3     matters regarding Christine Persaud.

 4          THE COURT:  All right, let's get your appearances on

 5     the record, please.

 6          MR. CAMPO:  Good morning, Your Honor.

 7          MR. STREMBA:  Lee Stremba and John Campo of Troutman

 8     Sanders for the firm.

 9          THE COURT:  Thank you.

10          MR. CAMPO:  And for the trustee, Your Honor.

11          THE COURT:  Thank you.

12          MR. ZILBERBERG:  Mendel Zilberberg of Mendel

13     Zilberberg & Associates for Creditor Klein, with Joel Lewittes,

14     of counsel, and Pery Krinsky, of counsel.  Good morning, Your

15     Honor.

16          THE COURT:  Good morning.

17          MR. KRINSKY:  Good morning, Your Honor.

18          MR. LEWITTES:  Good morning.

19          THE COURT:  All right.  We have a number of matters

20     that we've carried from time to time on the calendar today.

21          I would like to move first to the motion for relief

22     from the automatic stay.  Do we have a proponent of the motion

23     here in the courtroom?

24          I see that we do not.

25          MR. ZILBERBERG:  I'm sorry, Your Honor.  I missed
```

CHRISTINE PERSAUD, KLEIN v. PERSAUD; KLEIN v. PEREIRA

1    that.  The -- which matter is Your Honor --

2            THE COURT:  The motion for relief from the automatic

3    stay.

4            MR. LEWITTES:  I'm ready.

5            THE COURT:  Is it your motion?

6            MR. LEWITTES:  I'm waiting for the trustee and the

7    debtor's counsel.  It's the debtor who has originally made the

8    motion.

9            THE COURT:  It is the debtor's motion.  And there is

10   no other proponent of the motion, to my knowledge.  There is

11   opposition -- I believe there is opposition to the motion.

12           MR. LEWITTES:  Yes, Your Honor.

13           THE COURT:  All right.  In the absence of anyone here

14   to speak on behalf of the motion --

15           MR. PREZIOSI:  Good morning, Your Honor.

16           THE COURT:  Morning.  Are you debtor's counsel?

17           MR. PREZIOSI:  I am, Your Honor.

18           THE COURT:  Are you the proponent of the motion for

19   relief from the automatic stay?

20           MR. PREZIOSI:  Yes.

21           THE COURT:  May I hear you?

22           MR. PREZIOSI:  Yes, Your Honor.

23           THE COURT:  We should get your appearance on the

24   record, too.  We took appearances.

25           MR. PREZIOSI:  Judge, I have two motions pending.  One

 1    is --

 2            THE COURT:  You may take off your overcoat.

 3            MR. PREZIOSI:  Thank you, Judge.

 4            Judge, I have made --

 5            THE COURT:  The hearing was scheduled for 9 o'clock,

 6    as you know.  And I was a few minutes late getting to the

 7    bench.  But I'm glad you're here.

 8            MR. PREZIOSI:  Thank you, Judge.

 9            Judge --

10            THE COURT:  I'd like to hear you on the motion for

11    relief from the automatic stay, number 9 on the calendar,

12    please.

13            MR. PREZIOSI:  Judge, for all the reasons outlined in

14    my motion --

15            THE CLERK:  Excuse me, may you please state your name

16    for the record?

17            MR. PREZIOSI:  My name is Stephen Preziosi, for the

18    debtor, Christine Persaud.

19            For all the reasons outlined in my motion, Judge, I

20    think the state court is a better venue because we're dealing

21    with state court issues.  All of the issues -- the validity of

22    the arbitration award, the default arbitration award -- the

23    state court has a specific statutory vehicle to remedy that:

24    Article 75 of the Civil Practice Law and Rules, Your Honor.

25            I think there has been a lot of time and effort and

```
 1    energy and money spent in a lot of other issues that are

 2    heavily dependent upon whether or not -- or, I should say,

 3    heavily dependent upon who owns Caring and whether or not the

 4    arbitration award is valid.

 5            And I think the specific statutory vehicle, Article 75

 6    of the Civil Practice Law and Rules in the State Court of New

 7    York, the state court is a venue that is specifically designed

 8    and has experience in handling those types of cases.  And I

 9    think that is the main reason that -- or judicial economy is

10    really the main reason that those issues would be better heard

11    in the state court venue.

12            THE COURT:  All right.  There is some concern

13    expressed -- and I think it may well be well founded -- that

14    the debtor in a Chapter 7 case is the wrong party to seek this

15    relief.  And the trustee opposes the relief.  It seems to me

16    that all of the interests in claims that the debtor has became

17    property of the estate.  And whatever else the parties may

18    agree on or disagree on, they surely agree on that.

19            MR. PREZIOSI:  Well, Judge --

20            THE COURT:  That you are -- that you practice more

21    commonly in the state court and so this may be an issue that

22    you were not immediately familiar with --

23            MR. PREZIOSI:  Well, the --

24            THE COURT:  -- for whatever reason, I --

25            MR. PREZIOSI:  -- the debtor does have a residual
```

1    interest.

2         THE COURT:  -- urge you to address directly the issues

3    raised in the trust -- and let me finish please; I'm sorry, but

4    I need to finish -- the issues raised by the trustee because I

5    think they are quite persuasive.  If the trustee were seeking

6    this relief, it would be one thing, but the trustee opposes it.

7         MR. PREZIOSI:  Well, Judge, I think it's within Your

8    Honor's discretion to decide what would be the best place and

9    what would -- in the interest of judicial economy, where should

10   these issues be heard and why.

11        THE COURT:  But the debtor is the wrong party.

12        MR. PREZIOSI:  And -- and --

13        THE COURT:  There would be motion to dismiss, I

14   expect, or there would be a defense able to be asserted that it

15   is no longer the debtor, individual debtor's, prerogative to

16   proceed without the trustee.  The trustee would have to

17   substitute in.  If you have an agreement to that effect with

18   the trustee, that's one thing.

19        MR. PREZIOSI:  Well, Judge --

20        THE COURT:  But that's not in the record; the trustee

21   opposes a relief.

22        MR. PREZIOSI:  -- Judge, the debtor has a residual

23   interest.  This -- these -- both of these companies generate a

24   lot of money that far exceed what is the debt that is owed.

25   She has a residual interest in the outcome.

```
 1              THE COURT:  But who is the proper party in the state

 2     court?

 3              MR. PREZIOSI:  Both.

 4              THE COURT:  Who is the proper party?  It's a different

 5     question in whether there --

 6              MR. PREZIOSI:  -- both the --

 7              THE COURT:  -- is a residual interest available.

 8              MR. PREZIOSI:  Both the debtor and the trustee would

 9     be proper parties in the state court.

10              THE COURT:  Can you cite me one case that supports

11     that?

12              MR. PREZIOSI:  I can tell you that the debtor has a

13     residual interest.  If these companies are sold, are

14     liquidated, the monies left over, my client is entitled to

15     those monies.  And --

16              THE COURT:  Mr. Preziosi, can you point me to even one

17     case consistent with your position?

18              MR. PREZIOSI:  That the debtor has a residual

19     interest, Judge?

20              THE COURT:  No, that the debtor has the ability to

21     proceed as the party, as opposed to the trustee, when this is a

22     Chapter 7 case.  Chapter 11, different story.

23              MR. PREZIOSI:  When she has a --

24              THE COURT:  Chapter 7, there's no law to that effect

25     in your brief --
```

Case 1-10-44815-ess    Doc 371    Filed 01/04/12    Entered 01/04/12 12:20:58
Case 1:12-cv-03337-JG   Document 1-51   Filed 07/05/12   Page 13 of 36 PageID #: 1266
CHRISTINE PERSAUD, KLEIN V. PERSAUD, KLEIN V. PEREIRA

Page 13

1           MR. PREZIOSI:  There's no authority --

2           THE COURT:  -- and I'm not surprised that there isn't.

3           MR. PREZIOSI:  -- there's no authority for my client's

4     residual interest, Your Honor?

5           THE COURT:  Are you asking me the question, Mr.

6     Preziosi?  I think you're posing to me the wrong question.  The

7     question is who is the proper party.  And there is no law in

8     your brief, nor am I aware of --

9           MR. PREZIOSI:  Well, I will --

10          THE COURT:  -- any controlling law that holds that.

11    So I have to say I'm inclined to deny the motion.

12          MR. PREZIOSI:  -- I will brief that for Your Honor

13    because --

14          THE COURT:  Mr. Preziosi, you've made the motion.

15    You've had your time.  And you were aware of the issue because

16    it's raised directly by the trustee.  I need to move this

17    matter forward.

18          All right, I've told you my concerns.  Let's hear from

19    the -- opposition will have a chance to reply.

20          Thank you, Mr. Preziosi.

21          MS. SINISI:  Good morning, Your Honor.  Ann Marie

22    Sinisi from Pereira & Sinisi, attorney for the trustee in

23    matters relating to Abraham Klein and Caring, pending a

24    retention of Troutman Sanders.

25          With regard to the debtor's motion, the trustee filed

1    his opposition.  The debtor has no standing and, I believe the

2    Court very aptly put, that seems to be the one matter where we

3    are in agreement with Creditor Klein that there is -- the

4    debtor has no standing.  And, in fact, the issues before the

5    Court with regard to who owns Caring have been joined by the

6    trustee and the Creditor Klein.  So --

7            THE COURT:  It may well be that at some point in

8    the -- in response to the appropriate request for relief made

9    by the -- made by a party able to proceed in the state court,

10   that this kind of relief would make sense.  I do not foreclose

11   the prospect of this matter proceeding in state court if and to

12   the extent that this relief is denied.  I'm just very concerned

13   that the wrong party is seeking the relief and that the

14   trustee's points -- and the points, I think -- same points may

15   be made by the Creditor Klein.

16           The prospect that the debtor would be unable to

17   proceed in the absence of trustee and that any interest of this

18   estate might be actually jeopardized because the wrong party

19   would be there is a serious concern.  Separately, to the extent

20   that this may be within my discretion, I would, because of

21   those concerns, be reluctant to introduce those additional

22   issues to the picture here.  Yet not to say that that may not

23   be the right forum in some context at some point, just not with

24   a Chapter 7 debtor out-of-possession.

25           As the -- representative of whether or not there was a

1    residual interest, that's an entirely different question.

2    Entirely different question, seems to me.

3          All right, anything further?

4          MS. SINISI:  Well --

5          THE COURT:  You can be sure I read your papers and

6    read your briefs.

7          MS. SINISI:  Thank you, Your Honor.  Just -- as to the

8    proper forum, I'm sure the Court is aware the trustee filed a

9    motion to withdraw the reference to bring the matters before

10   the district court --

11         THE COURT:  District court.  I saw that.

12         MS. SINISI:  -- and is supported strongly by the

13   Internal Revenue Service, who is a major creditor, if not the

14   largest unsecured creditor as a priority creditor, in this

15   case.

16         THE COURT:  That's not before me today.  In fact, it's

17   ultimately decided by the district court, I think, not me.  But

18   I am aware of it.  I did see it.  Thank you.

19         All right.  I'll -- who's -- we have a team here for

20   Mr. Klein.  Who's taking this issue?

21         MR. ZILBERBERG:  Your Honor, I'll try.  I think that

22   the -- there's nothing, really, for us to add on the issue of

23   standing.  And I don't want to waste the Court's time.

24         However, we are concerned that the debtor has two

25   unsigned submissions to this Court which take factually

Case 1-10-44815-ess    Doc 371    Filed 01/04/12    Entered 01/04/12 12:20:58
Case 1:12-cv-03337-JG    Document 1-51    Filed 07/05/12    Page 16 of 36    PageID #: 1269
CHRISTINE PERSAUD, KLEIN v. PERSAUD, KLEIN v. PEREIRA

Page 16

          1   inconsistent stands as to the occurrences.  And we ask -- we've

          2   raised it in our motion.  And we would ask the Court to

          3   consider asking debtor's counsel to conform, first of all, that

          4   their statements should be affirmed under penalties of perjury

          5   and, B, that they conform -- they are pleadings so that the

          6   facts are at least consistent.

          7           THE COURT:  With respect to the motion for relief from

          8   the automatic stay?  Are you referencing the papers that were

          9   filed by --

         10           MR. ZILBERBERG:  By Mr. Preziosi.

         11           THE COURT:  -- Mr. Preziosi?

         12           MR. ZILBERBERG:  Yes.  Yes.

         13           THE COURT:  All right.

         14           MR. ZILBERBERG:  In the first, he doesn't make his

         15   assertion -- or his affirmation under penalties of perjury, but

         16   he has submitted to this Court that, in fact, Caring did not

         17   belong to the debtor -- he said that in open court -- and that

         18   it belonged to a trust.  And now he comes and says that the

         19   debtor has an interest in Caring.  We find those two statements

         20   to be factually inconsistent.

         21           Pursuant to the Rules, his affirmations should be

         22   signed in order to have any validity.  They should be under

         23   penalties of perjury and he should be asked to conform and take

         24   a stand as to what debtor's position is.

         25           THE COURT:  Well, on the one hand, the law, in a

CHRISTINE PERSAUD, KLEIN v. PERSAUD, KLEIN v. PEREIRA

1    general way, does contemplate pleading in the alternative.  But

2    that's usually alternative theories as opposed to alternative

3    positions on significant issues of fact.  It seems to me it

4    might be unfair to Mr. Preziosi to put him on the spot, as of

5    right now, to reconcile the different positions that the debtor

6    has taken.  But it will come to pass, at some point, that the

7    debtor will need to take a consistent position and support it

8    with evidence.

9            I am reviewing the file.  I see the notice of motion,

10   not signed.  We have a custom of signing papers here.  It's not

11   the state court practice --

12           MR. PREZIOSI:  The affirmation is signed, Your Honor.

13   Maybe the --

14           THE COURT:  Well, the motion -- the notice of motion

15   needs to be signed as well, in the general.

16           MR. PREZIOSI:  I'll certainly --

17           THE COURT:  But I will overlook the defect.  I take

18   this to be -- it's substantively the equivalent of your

19   signature.  But just -- the practice point is well taken.

20           With respect to the motion, it maybe was a signed

21   copy, but the electronic copy doesn't show the signature in all

22   events.  Again, the conformed signature is part of our

23   practice, our expectation.

24           Unsigned, memorandum of law.

25           Did you file an affirmation of counsel in support of

1    the motion, Mr. Preziosi?

2          MR. PREZIOSI:  Judge, the hard copy that I filed was

3    signed.  Your Honor may be looking at an electronic copy that

4    I --

5          THE COURT:  I see a memorandum of law -- I am.  I'm

6    looking at what we printed.  I have the memorandum of law --

7          MR. PREZIOSI:  Yeah, that.  I also signed a copy on

8    disk -- excuse me, filed a copy on disk, which may be the copy

9    that Your Honor is looking --

10         THE COURT:  I have the motion -- I don't see an

11   affirmation.

12         MR. PREZIOSI:  But all the physical copies were

13   signed.

14         THE COURT:  Okay.  All right.

15         Mr. Zilberberg, could you point me to the affirmation?

16   I see a notice of motion, a motion and a memorandum.  But I'm

17   not finding the document to which you refer.  I know I've read

18   all the documents that were -- I believe I've read all the

19   documents that were filed in connection with this.  So --

20         MR. ZILBERBERG:  The document --

21         THE COURT:  I have your affirmation.

22         MR. ZILBERBERG:  I'm sorry, Your Honor.

23         THE COURT:  Go ahead.

24         MR. ZILBERBERG:  I'm looking through the papers as we

25   speak, Your Honor.

```
 1            THE COURT:  Okay.  In all events, I think the point
 2    was made.  And I take it that there are signed copies, perhaps
 3    in counsel's file.  And --
 4            MR. PREZIOSI:  They've all been signed, Judge.
 5            THE COURT:  -- so we --
 6            MR. ZILBERBERG:  Your Honor --
 7            THE COURT:  It's just a good reminder to all
 8    participants.
 9            MR. ZILBERBERG:  Your Honor, if they've been signed
10    and if they've been submitted, to the extent that they set
11    forth facts and not memorandum of law, we would ask that
12    copies -- the Court direct that copies that are signed that are
13    stated to be under penalties of perjury be produced to us.
14            THE COURT:  I'm not going to do that.  It's a
15    motion.  It's -- I'm inclined to deny the motion on the law and
16    the record that's before me.  I don't think it's necessary to
17    increase the burdens on the parties.
18            Your points are well taken.  If you want to file --
19    any party wishes to file evidence before the Court for
20    consideration in connection with a motion, it's, of course,
21    necessary that it be reflected in an affidavit or an
22    affirmation appropriately attested to and signed.
23            So for all the reasons reflected in the record, I'm
24    going to deny the motion for relief from the automatic stay for
25    several reasons, including, without limitation, that this
```

1    Chapter 7 debtor does not appear to be an appropriate party to

2    proceed with the litigation in state court in the face of the

3    opposition of the Chapter 7 trustee; that there are risks that

4    would be posed to whatever property the estate may be --

5    subject to that litigation because there's a significant

6    question as to whether the debtor, as opposed to the trustee,

7    is the one able to pursue those rights.

8           I acknowledge the possibility that the debtor may have

9    a residual interest that has value here.  The value of the

10   assets in this case are unknown at this point.  But certainly

11   the amount of heavily contested litigation suggests that, in

12   the perception of the parties, there may well be value.  But

13   that residual interest in equity after all of the creditors are

14   paid is not the same as being the party who is the proper party

15   to proceed to assert the rights of this Chapter 7 estate.  That

16   party is the trustee.

17          And so, for all the reasons reflected in the record

18   and some of the reasons summarized, I'm going to deny the

19   motion and I'll ask the trustee to submit an appropriate order.

20   I think that's appropriate.

21          MS. SINISI:  Thank you, Your Honor.

22          THE COURT:  All right, thank you.

23          With respect to the other matters on the calendar, it

24   seems to me that we aren't really in a position to make a lot

25   of progress today.  And I don't want to keep you any longer

Case 1-10-44815-ess    Doc 371    Filed 01/04/12    Entered 01/04/12 12:20:58
Case 1:12-cv-03337-JG    Document 1-51    Filed 07/05/12    Page 21 of 36    PageID #: 1274
CHRISTINE PERSAUD, KLEIN V. PERSAUD, KLEIN V. PEREIRA

Page 21

1    than I need to.

2         There was a question made about the timing of the

3    discovery deadline in one of the adversary proceedings and how

4    that couples with time to respond.  There was also a motion

5    that we addressed to some extent.

6         Mr. Preziosi, you were very new to the matter when I

7    asked you some questions about this at our last hearing or the

8    hearing before.  Those are two things on my list on which I'd

9    like to make progress.

10        But I, knowing from the correspondence and from the

11   history that there are so many things on which you disagree, I

12   want to caution the parties this is not a general forum for

13   complaints about each other.  This is a matter -- this is a

14   hearing in which you're going to take up matters where we can

15   make particular progress and I can make decisions.  All right?

16   As to your complaints, I urge you to set them to the side.

17        All right, I have before me the letter of Mr.

18   Zilberberg concerning the timing -- I guess I should say the

19   letter of Mr. Lewittes on the letterhead of Mr. Zilberberg --

20   concerning the adversary proceeding status.

21        Mr. Lewittes, can I ask you to summarize what you're

22   asking the Court to do in the context of that adversary

23   proceeding, the 10-01228 Klein v. Persaud?  It seems to me

24   you're looking for some definition with respect to discovery

25   time and -- and we need to get a sense about the time of an

Case 1:12-cv-03337-JG   Document 1-51   Filed 07/05/12   Page 22 of 36 PageID #: 1275

```
 1   answer to motion, I think.

 2            MR. LEWITTES:  Joel Lewittes, Your Honor.

 3            THE COURT:  Please.

 4            MR. LEWITTES:  I believe -- it's based upon the facts

 5   that we have set forth in that letter -- that we need real time

 6   for discovery.  We have been pushed a bit.  And given the

 7   status of the matters here before the Court with respect to

 8   discovery, it would not be unreasonable, I believe -- as a

 9   matter of fact, I believe it would be more fruitful -- if the

10   Court granted us more time for discovery, based upon the facts

11   that we have set forth with fine particularity in our letter,

12   dated to the Court on December the 6th.

13            THE COURT:  All right.  Well, let's think about the

14   pleadings here.  We don't -- to this moment, I think, we don't

15   have an answer or motion in response from the debtor.  And

16   perhaps, following on the logic of our last matter, this is a

17   question at least as much for trustee's counsel as for debtor's

18   counsel.

19            Ms. Sinisi, let me hear from you.

20            We have an action that's been asserted against --

21            MS. SINISI:  Your Honor, this is the -- regarding the

22   pretrial conference on the adversary proceeding brought by

23   Abraham Klein against the trustee which seeks a declaratory

24   judgment that Klein owns Caring.

25            MR. ZILBERBERG:  No, no, no, no, no.  The other one.
```

Case 1:12-cv-03337-JG   Document 1-51   Filed 07/05/12   Page 23 of 36   PageID #: 1276

CHRISTINE PERSAUD, KLEIN v. PERSAUD, KLEIN v. PEREIRA

```
 1              MS. SINISI:  The 2 --

 2              MR. ZILBERBERG:  She's speaking about the one we

 3     brought against (indiscernible) dischargeability.

 4              MS. SINISI:  For --

 5              MR. ZILBERBERG:  (Indiscernible).

 6              THE COURT:  First on the calendar is Klein v. Persaud.

 7     And this is now, of course -- is this the trustee's enterprise

 8     to defend?

 9              MS. SINISI:  Yeah, no.  This was -- no, Your Honor.

10              THE COURT:  You think this is for the debtor, not the

11     trustee?

12              MS. SINISI:  Yeah, Your Honor, we did not --

13              MR. CAMPO:  Your Honor, may I be heard on this?

14              THE COURT:  Sure.

15              MR. CAMPO:  I understand that Klein is the plaintiff

16     in the action, but this is a dischargeability action.  And, in

17     fact --

18              THE COURT:  I'm sorry.

19              MS. SINISI:  Yeah --

20              THE COURT:  Of course it is.  Thank you very much.

21     Long --

22              MS. SINISI:  Your Honor -- yeah, I apologize.  I

23     wasn't at the prior hearing --

24              THE COURT:  -- long docket.  I'm sorry.

25              MS. SINISI:  -- so I thought perhaps I missed
```

```
 1    something.  But yeah --

 2              THE COURT:  I'm sorry.  No, you're absolutely right.

 3    It is --

 4              MS. SINISI:  Okay.  Thank you, Your Honor.

 5              THE COURT:  -- that's exactly what it is.  And I

 6    misspoke.  And I'm too much in the tall grass of the matter we

 7    just considered.

 8              All right, this is a dischargeability action.  It

 9    concerns -- there's a motion to dismiss pending.  It was filed

10    by prior counsel.  So that -- I'm so sorry, I need to -- I

11    conflated two matters and I need to restate my prior

12    statements.  We have a motion to dismiss.  We had counsel

13    getting up to speed on that last time we were here.

14              I expect you've had time now to be addressing those

15    issues.  Mr. Preziosi, let me hear you --

16              MR. PREZIOSI:  Your Honor, on the --

17              THE COURT:  -- on the status of the motion and --

18              MR. PREZIOSI:  On the issue of more time for

19    discovery, Your Honor?

20              THE COURT:  No, on the question of your motion to

21    dismiss.  Because if the dismissal is granted, there's no need

22    for discovery.  If the dismissal is denied, then clearly, we

23    need a discovery schedule.  So I think it is actually timely to

24    take up the motion to dismiss.  Like a few minutes to review

25    your notes on that?  I'll give you that time.
```

Case 1-10-44815-ess    Doc 371    Filed 01/04/12    Entered 01/04/12 12:20:58

Case 1:12-cv-03337-JG   Document 1-51   Filed 07/05/12   Page 25 of 36   PageID #: 1278
CHRISTINE PERSAUD, KLEIN v. PERSAUD, KLEIN v. PEREIRA

Page 25

1              MR. PREZIOSI:  Judge, I --

2              THE COURT:  This is number 6 on the docket, filed by

3       your client.  I brought it to your attention at our last

4       hearing, I'm fairly certain.

5              MR. PREZIOSI:  My understanding was that Your Honor

6       was going to dismiss the motion.  I haven't taken a look.

7              THE COURT:  You're going to withdraw the motion?  I

8       don't know what you mean by "dismiss the motion".

9              MR. PREZIOSI:  No, I don't want to withdraw the

10      motion.  But my understanding was that Your Honor was not going

11      to entertain it.

12             THE COURT:  I consider all the motions that are made.

13      If you're -- if, on behalf of your client, you're withdrawing

14      the motion, that's fine.  But I need to know what your position

15      is.

16             MR. PREZIOSI:  No, I'd like to take a look at the

17      motion before -- before I -- the last we spoke --

18             THE COURT:  Okay.  It's number 6 on the docket.  You

19      can pull it up on the screen.

20             MR. PREZIOSI:  6.

21             THE COURT:  We'll take a five-minute break to let you

22      dig in.  All right?  Thank you very much.

23             THE CLERK:  All rise.

24         (Recess from 9:44 a.m. until 9:50 a.m.)

25             THE COURT:  All right, let me summarize where I think

Case 1-10-44815-ess    Doc 371    Filed 01/04/12    Entered 01/04/12 12:20:58
Case 1:12-cv-03337-JG    Document 1-51    Filed 07/05/12    Page 26 of 36    PageID #: 1279
CHRISTINE PERSAUD, KLEIN v. PERSAUD, KLEIN v. PEREIRA

Page 26

```
1    we are, from the record.  And this takes a little bit of

2    history because this was an adversary proceeding filed, perhaps

3    unusually, in two different debtors' cases, but the same

4    complaint.  Because of that, there have been some complexities

5    to the administration and some errors, perhaps going back a few

6    months, on the side of case administration, for which I take

7    full responsibility.

8           But we now have an action restored to the calendar and

9    a scheduling order, which is the action brought by the Creditor

10   Klein against Christine Persaud, the debtor in this case,

11   raising a claim of -- or there's a question as to whether it

12   states a claim, framed by a motion, but raising a claim of

13   nondischargeability under Section 523 of the Bankruptcy Code.

14          There was a scheduling order entered -- and this is

15   important because this is the framework within which we are

16   proceeding -- directing a response to the complaint, answer of

17   motion by November 10th.  There is on file a motion to

18   dismiss -- and from time to time, I pose the question do you

19   intend to proceed with the motion or do you want to answer or

20   do you want to make a new motion.  That motion is actually not

21   on today's calendar.  So in fairness to counsel, I'm not going

22   to expect you to argue it today.

23          But I do need to know if you intend to defend the

24   proceeding.  And I'll give you a very short amount of time,

25   since you're in default of the existing scheduling order, to
```

Case 1-10-44815-ess    Doc 371    Filed 01/04/12    Entered 01/04/12 12:20:58
Case 1:12-cv-03337-JG    Document 1-51    Filed 07/05/12    Page 27 of 36 PageID #: 1280
CHRISTINE PERSAUD, KLEIN V. PERSAUD, KLEIN v. PEREIRA

Page 27

 1    get a response to the complaint in, whether it's an answer or

 2    motion.

 3            MR. PREZIOSI:  Just -- I'll have a --

 4            THE COURT:  But that's where we are, as I see it.

 5            MR. PREZIOSI:  I'll have a response in by the --

 6    before the next court date, Your Honor.

 7            THE COURT:  You'll have a response in in a week?

 8            MR. PREZIOSI:  Yes.  It'll be fine.

 9            THE COURT:  Okay.  Because it's a -- I gave you a date

10    of November 10th and that date has come and gone.

11            So we'll issue a scheduling order that says the -- and

12    I'll note in the docket -- in fact, we'll simply do the docket

13    notation because this is a simple direction that your time to

14    respond to the complaint, whether to move or to answer, is

15    extended to December 23rd.  And we'll see where we are after

16    that.

17            MR. PREZIOSI:  Thank you, Your Honor.

18            THE COURT:  No, thank you.

19            All right.  And I think that is really the work we're

20    going to be able to do today.  Because of the requirements of

21    the Court calendar and other matters, those strike me as the

22    matters most appropriate.  This is not a general status report

23    I have to say.

24            And -- oh, I need to give you some relief on your

25    discovery.  I'm going to give you another sixty days because I

1    do this by date certain.  I don't have a basis to say some

2    number of days after something happens; we'll say sixty days.

3    If we need to revisit that, we can.  I do wonder if there's any

4    information the parties haven't exchanged about each other in

5    some form or another.  But that's for the parties, not for me.

6    Sixty days.  Today is -- February 14th.  So your discovery

7    deadline will be February 14th.  And with those two dates, we

8    will issue a scheduling order.  All right?

9         Okay, I think we're down to scheduling an adjourn date

10   for the continued matters that we do have, which include those

11   2004 examination applications, of course; and status

12   conferences in both of the adversary proceedings; and the

13   motion with respect to stay violation that addresses some other

14   issues as well.  And I'm thinking that it really -- I believe

15   we have closed the record with respect to the retention issue

16   with the submission of the affidavit testimony and the waiver

17   of cross-examination of Professor Green.  And so I don't think

18   it makes sense for you to come back until I've decided that

19   issue.

20        I'm not going to give you my decision today, but I

21   think we need to know who's in place and it's not a good use of

22   the parties' time, nor the Court's, to have you back before

23   then.  And so, doing my best prediction, I'm going to look at

24   late January.  If there's -- it's possible to adjust those

25   dates, I shall.  But I'm -- let's see.  In terms of scheduling,

Case 1-10-44815-ess    Doc 371    Filed 01/04/12    Entered 01/04/12 12:20:58
Case 1:12-cv-03337-JG    Document 1-51    Filed 07/05/12    Page 29 of 36 PageID #: 1282
CHRISTINE PERSAUD, KLEIN V. PERSAUD, KLEIN V. PEREIRA

Page 29

1    is the week of the 23rd, a week that's possible for the

2    parties?

3            MR. STREMBA:  Yes, Your Honor.

4            THE COURT:  Are there any days we need to avoid?  I'm

5    saying on scheduling only.

6            MR. STREMBA:  Your Honor, that would be fine.  I --

7            THE COURT:  Okay.

8            MR. STREMBA:  -- I just want to point out that I

9    believe Mr. Krinsky has an issue with respect to conflicts

10   check documents.

11           THE COURT:  All right.  Well, I encourage the parties

12   to work out all document issues between themselves.  I'm going

13   to say that we'll look at, maybe, midday on the 24th of

14   January.  That's a Tuesday.  For now, at least as a holding

15   date, we'll think about noon on the 24th.

16           MR. KRINSKY:  Your Honor, I apologize.  I --

17           THE COURT:  You don't need to apologize.

18           MR. KRINSKY:  Unfortunately, I'm teaching at the

19   Judicial Institute in the morning and at the New York State Bar

20   in the afternoon.  I believe it's --

21           THE COURT:  On the 24th?

22           MR. KRINSKY:  On the 24th.

23           THE COURT:  Well, the issue of retention will be

24   resolved at that point.  Is your ongoing participation

25   anticipated?

```
 1              MR. KRINSKY:  It is not.  I thought you wanted us back

 2       for that specific issue.  But if it's --

 3              THE COURT:  No.

 4              MR. KRINSKY:  -- only issuing of a decision --

 5              THE COURT:  I think the record's closed.  So I -- I'll

 6       work with your schedule if we need to.  But I also don't want

 7       to impose on you --

 8              MR. KRINSKY:  There's no reason --

 9              THE COURT:  -- any longer than necessary.

10              MR. KRINSKY:  Indeed.  If there's no reason, then my

11       schedule is moot.

12              THE COURT:  It may be.  But, ideally, we'd accommodate

13       everybody, just in case.  Another -- well, the -- what did

14       we -- what did I just say?  The 24th at 11:30.  The 24th at

15       11:30?  And if, for some reason -- and, gosh, I hope this does

16       not prove to be the case.  But if, for some reason, we're still

17       checking the last case or something like that, then you'll get

18       an appropriate communication from the Court.  All right?

19              MR. ZILBERBERG:  Your Honor?

20              THE COURT:  January 24th at 11:30

21              MR. ZILBERBERG:  Your Honor?

22              THE COURT:  Yes?

23              MR. ZILBERBERG:  May I just ask that on the 24th at

24       11, I --

25              THE COURT:  11:30.
```

1          MR. ZILBERBERG:  11:30.  I have a matter in state

2     court.  However, if it's just a decision that the Court is

3     going to order, if, as long as I could find that out in

4     advance, I could move the state court issue --

5          THE COURT:  You'll have a written decision from -- I

6     expect to issue some kind of a written order on the retention

7     issue.  It will be dealing with whatever there is to do in this

8     Chapter 7 case.  And there may not be much.  At some point,

9     this Chapter 7 should go back to the enterprise of the trustee

10    marshaling the assets of the case and the Court being involved

11    as, if and when required to be involved.  So --

12         MR. ZILBERBERG:  If that's the case, then I --

13         THE COURT:  But if you've got a conflict -- if --

14         MR. ZILBERBERG:  -- I have a conflict; I have a state

15    court matter.

16         THE COURT:  -- if you have a conflict on the 24th,

17    then let's -- I mean it's not simply for me to announce a

18    decision.  I don't do that to the parties.

19         MR. ZILBERBERG:  I can do the 25th if other counsel

20    can do it.

21         THE COURT:  25th at 9.  In fact, it will be the 25th

22    at 9 sharp because I have a trial at 9:30.

23         MR. KRINSKY:  Your Honor, with respect to the issue of

24    the closing of the record, it was -- we thought it was going to

25    be closed based upon Your Honor's issuance of the November 29th

Case 1:12-cv-03337-JG   Document 1-51   Filed 07/05/12   Page 32 of 36   PageID #: 1285

1    order directing the Troutman Sanders firm to produce certain

2    documents.  However, an issue has arisen.  We've tried to

3    resolve that.  I filed -- or through Mendelitz's (ph.) firm, we

4    filed a document with the Court last night.  However,

5    unfortunately, the issue still remains open.

6         THE COURT:  I direct you to confer further on it and

7    see if you can get it resolved.

8         January 25th at 9 o'clock.  There's no motion before

9    me to decide.  I think sophisticated counsel can work these

10   kinds of things out.  E-mail correspondence, if there is any

11   that remains unproduced concerning the retention of the

12   conflicts check, strikes me as something highly likely to be

13   appropriate to produce.  But we'll see.  Nothing's before me to

14   decide today.

15        Thank you very much.

16        (Whereupon these proceedings were concluded at 9:58 AM)

17

18

19

20

21

22

23

24

25

Page 33

1

2                                I N D E X

3

4                               RULINGS

5                                                Page      Line

6    Debtor's motion for relief from stay denied    19        23

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2                          C E R T I F I C A T I O N

3

4      I, Shalom Boroda, certify that the foregoing transcript is a

5      true and accurate record of the proceedings.

6

7

8

9

10     _____

11     SHALOM BORODA

12     AAERT Certified Electronic Transcriber (CET**D-632)

13

14     Veritext

15     200 Old Country Road

16     Suite 580

17     Mineola, NY 11501

18

19     Date:  January 3, 2012

20

21

22

23

24

25

# United States Bankruptcy Court

Eastern District of New York
271 Cadman Plaza East, Suite 1595
Brooklyn, NY 11201–1800

---

IN RE:                                                                      CASE NO: 1–10–44815–ess

　Christine Persaud

SSN/TAX ID:                                                                 CHAPTER: 7

　xxx–xx–0247

　　　　　　DEBTOR(s)

---

## NOTICE OF FILING OF TRANSCRIPT AND OF DEADLINES RELATED TO RESTRICTION AND REDACTION

Notice is hereby given that:

A transcript of the proceeding held on December 16, 2011 was filed on January 4, 2012 .

The following deadlines apply:

The parties have until January 11, 2012 to file with the court a Notice of Intent to Request Redaction of this transcript. The deadline for filing a Transcript Redaction Request is January 25, 2012.

If a Transcript Redaction Request is filed, the redacted transcript is due February 6, 2012.

If no such Notice is filed, the transcript may be made available for remote electronic access upon expiration of the restriction period, which is April 3, 2012 unless extended by court order.

To review the transcript for redaction purposes, you may purchase a copy from the transcriber Veritext Reporting Company ( 212–267–6868) or you may view the document at the public terminal at the Office of the Clerk.

　Dated: January 4, 2012

For the Court, Robert A. Gavin, Jr., Clerk of Court

**BLnftrans.jsp** [Notice of Filing Transcript and Deadlines to Restriction and Redaction rev. 11/21/08]

# Notice Recipients

District/Off: 0207−1                  User: mrodrique                  Date Created: 1/4/2012

Case: 1−10−44815−ess                 Form ID: 295                     Total: 9


**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

| | | | | | |
|---|---|---|---|---|---|
| db | Christine Persaud | 86−25 Van Wyck Expressway, Apt. 506 | Jamaica, NY 11435 | | |
| aty | Troutman Sanders LLP | The Chrysler Building | 405 Lexington Avenue | New York, NY 10174 | |
| aty | Mendel Zilberberg | 6619 13th Avenue | Brooklyn, NY 11219 | | |
| aty | Samuel J. Landau | 250 West 57th Street | New York, NY 10107 | | |
| aty | Stephen N Preziosi | 570 Seventh Avenue | 6th Floor | New York, NY 10018 | |
| | Stephen N. Preziosi, Esq. | 570 Seventh Avenue | New York, NY 10018 | | |
| | Ann Marie Sinisi, Esq. | c/o Pereira &Sinisi, LLP | 405 Lexington Avenue | 7th Floor | New York, NY 10174 |
| | Pery D. Krinsky, Esq. | c/o Krinsky PLLC | 233 Broadway | New York, NY 10279 | |
| | Joel Lewittes,, Esq. | 1211 Avenue of the Americas | New York, NY 10036 | | |

TOTAL: 9