Page 1

1

2    UNITED STATES BANKRUPTCY COURT

3    EASTERN DISTRICT OF NEW YORK

4    - - - - - - - - - - - - - - - - - - - -x

5    In the Matter of:                          Case No.

6    CHRISTINE PERSAUD,                          10-44815-ess

7              Debtor.

8    - - - - - - - - - - - - - - - - - - - -x

9    ABRAHAM KLEIN, Plaintiff,                   Adv. Case No.

10         v.                                    10-01228-ess

11   CHRISTINE PERSAUD, et al., Defendants.

12   - - - - - - - - - - - - - - - - - - - -x

13   ABRAHAM KLEIN, Plaintiff,                   Adv. Case No.

14         v.                                    11-01456-ess

15   JOHN PEREIRA, Defendant.

16   - - - - - - - - - - - - - - - - - - - -x

17              United States Bankruptcy Court

18              271 Cadman Plaza East

19              Brooklyn, New York

20              March 6, 2012

21              10:07 AM

22

23   B E F O R E:

24   HON. ELIZABETH S. STONG

25   U.S. BANKRUPTCY JUDGE

1

2    [1] Adjourned Pre-Trial Conference re: Complaint.  Adjourned

3    from:  10/19/10  11/4/10  12/14/10  1/5/11  2/2/11  3/10/11

4    4/7/11  5/20/11  6/17/11  8/16/11  9/27/11  10/28/11  11/8/11

5    11/14/11  11/28/11  12/16/11  1/25/12

6

7    [214] Adjourned Hearing on Application for Order to Show Cause

8    (RE: related document(s)[196] Motion for 2004 Examination of

9    Philip Gottehrer).  Adjourned from:  9/8/11  9/13/11  9/20/11

10   9/22/11  10/28/11  11/8/11  11/14/11  11/28/11  1/25/12

11

12   [203] Adjourned Hearing on Application for Order to Show Cause

13   (RE: related document(s)[197] Motion for 2004 Examination of

14   Joel Klein).  Adjourned from:  9/8/11  9/13/11  9/20/11

15   10/28/11  11/8/11  11/14/11  11/28/11  1/25/12

16

17   [201] Adjourned Hearing on Application for Order to Show Cause

18   (RE: related document(s)[198] Motion for 2004 Examination of

19   Caring Home Agency).  Adjourned from:  9/8/11  9/13/11  9/20/11

20   9/22/11  10/28/11  11/8/11  11/14/11  11/28/11  1/25/12

21

22   [202] Adjourned Hearing on Application for Order to Show Cause

23   (RE: related document(s)[199] Motion for 2004 Examination of

24   Abraham Klein).  Adjourned from:  9/8/11  9/13/11  9/20/11

25   9/22/11  10/28/11  11/8/11  11/14/11  11/28/11  1/25/12

Page 3

[204] Adjourned Hearing on Application for Order to Show Cause

(RE: related document(s)[195] Motion for 2004 Examination of

Melquisedec Escobar).  Adjourned from:  9/8/11  9/13/11

9/20/11  9/22/11  10/28/11  11/8/11  11/14/11  11/28/11

1/25/12


[179] Adjourned Motion for Violation of Automatic Stay and to

Void Certain Decisions of the State Supreme Court Issued In

Violation.  Adjourned from:  9/27/11  10/28/11  11/8/11

11/14/11  11/28/11  1/25/12


[1] Adjourned Pre-Trial Conference re: Complaint.  Adjourned

from:  10/28/11  11/8/11  11/14/11  11/28/11  1/25/12

Transcribed by:  David Rutt

Page 4

1

2    A P P E A R A N C E S :

3    TROUTMAN SANDERS LLP

4         Attorneys for Chapter 7 Trustee, John Pereira

5         405 Lexington Avenue

6         New York, NY 10174

7

8    BY:   JOHN P. CAMPO, ESQ.

9

10

11   MENDEL ZILBERBERG & ASSOCIATES, P.C.

12         Attorneys for Abraham Klein

13         6619 Thirteenth Avenue

14         Brooklyn, NY 11219

15

16   BY:   MENDEL ZILBERBERG, ESQ.

17         JOEL LEWITTES, ESQ.

18

19

20   PEREIRA & SINISI, LLP

21         Attorneys for Chapter 7 Trustee

22         405 Lexington Avenue

23         New York, NY 10174

24

25   BY:   ANN MARIE SINISI, ESQ.

1

2    ALSO PRESENT:

3         JOHN S. PEREIRA, ESQ., Chapter 7 Trustee

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

CHRISTINE PERSAUD, KLEIN v. PERSAUD, KLEIN v. PEREIRA

```
 1                    P R O C E E D I N G S

 2          THE CLERK:  Numbers 1 through 8 on the calendar, all

 3   matters regarding Christine Persaud.

 4          THE COURT:  All right.  We're going to start briefly

 5   with this matter.  We were ready to begin this matter at 9:30,

 6   but the parties were not, and so the consequence is that we are

 7   now penalizing people here who are on time for the 10 o'clock

 8   calendar.  I'm very concerned with proceeding that way.  I

 9   don't think it's fair to counsel who come on time.  It's a

10   burden to the court, frankly, but it's our job to be here for

11   you.

12          So I'm going to get your appearances.  We're going to

13   second call this matter, take the matters at the 10 o'clock

14   calendar as promptly as we can, and then we'll take you back.

15   All right?  Let's get your appearances on the record.

16          MR. CAMPO:  Thank you, Your Honor.

17          THE COURT:  And I welcome any suggestions from the

18   parties, but I would like, when we have a matter set for 9:30,

19   and it's the only matter on at 9:30, the reason is to

20   accommodate you and to work with our entire calendar.

21          MR. CAMPO:  Your Honor --

22          THE COURT:  All right.  Let's get your appearances on

23   the record.

24          MR. CAMPO:  Yes.  John Campo, Troutman Sanders, on

25   behalf of the trustee.
```

Case 1:12-cv-03337-JG    Document 1-53    Filed 07/05/12    Page 7 of 40 PageID #: 1300

1          THE COURT:  Thank you.

2          MR. ZILBERBERG:  Mendel Zilberberg on behalf of

3    Creditor Klein with Joe Lewittis, of counsel.

4          THE COURT:  Thank you.

5          MR. PEREIRA:  John S. Pereira, the Chapter 7 trustee.

6          THE COURT:  All right.  There's some matters in these

7    first several that were set for 9:30 in which also the debtor

8    personally is --

9          MR. CAMPO:  Your Honor, we understand that the issue

10   has to do with Mr. Preziosi, the debtor's counsel, who's been

11   delayed.

12         THE COURT:  Okay.

13         MR. CAMPO:  All the other parties were here at 9:30.

14         THE COURT:  All right.

15         MR. CAMPO:  So however you want to proceed.

16         THE COURT:  Second call.  Thank you very much.

17         MR. CAMPO:  Thank you, Your Honor.

18      (Recess from 10:08 a.m. until 10:54 a.m.)

19         THE CLERK:  Second call on the Persaud matters.

20      (Pause)

21         THE COURT:  All right.  Second call.  Do we have all

22   counsel here?

23         MR. ZILBERBERG:  Your Honor, I don't know if

24   Mr. Preziosi is here.  That's who we were waiting for at 10

25   o'clock as well.

1              THE COURT:  Is there any word as to whether we should

2    be expecting Mr. Preziosi?

3              MR. CAMPO:  Your Honor, I just spoke with the debtor,

4    and the debtor says that they just -- he's still stuck in

5    court.  My suggestion would be if we could move forward with

6    the matters that don't involve the debtor.

7              THE COURT:  I think we have to proceed at this point.

8              MR. CAMPO:  Yeah.

9              THE COURT:  It's almost two hours after our designated

10   time.

11             MR. CAMPO:  Right.  And if --

12             THE COURT:  Hour and a half, I should say.

13             MR. CAMPO:  And then if Ms. Persaud wants to make a

14   motion to adjourn the matters that involve her, I'm assuming

15   Mr. Zilberberg wouldn't object.

16             MR. ZILBERBERG:  Okay, I'm assuming Mr. Campo won't

17   either.

18             THE COURT:  We'll do the best we can to make progress,

19   and I --

20             MR. CAMPO:  We won't object to --

21             THE COURT:  -- I appreciate your gracious

22   accommodation of each other's anticipated lack of objection.

23             All right.  Well, I assume you've had an opportunity

24   to review the decision; it took longer than I had hoped, but

25   it's now out.  You have some clarity in the representational

Case 1-10-44815-ess    Doc 391    Filed 03/09/12    Entered 03/09/12 15:07:55
Case 1:12-cv-03337-JG    Document 1-53    Filed 07/05/12    Page 9 of 40 PageID #: 1302
CHRISTINE PERSAUD, KLEIN v. PERSAUD; KLEIN v. PEREIRA

Page 9

```
 1    issues.  As I indicated, for some time including in our

 2    December hearing, there were some matters that seemed to me we

 3    needed to have clarity on the representational issues in order

 4    to move ahead, and so thank you for your patience --

 5            MR. CAMPO:  Thank you, Your Honor.

 6            THE COURT:  -- and also for you excellent submissions

 7    which informed me greatly in rendering the decision.

 8            I'd like to make all the progress that we can on the

 9    many matters on the calendar, and I'm trying to think as hard

10    as I can about how we can make that progress.  This is a

11    Chapter 7 not a Chapter 11 case, so we don't have status on the

12    calendar.  We do have a number of individual matters, and I

13    want to begin with -- I'd like to begin with 10-1228, but

14    that's a situation where the debtor individually is a

15    defendant; it's going to be difficult to make a lot of

16    progress.

17            I will say for the record that I see on several

18    reviews of the docket the following perplexing situation:  we

19    said there was a motion to dismiss; it was marked off, I

20    believe, but there is no answer, and so I'm concerned about

21    that.  I don't want to go into it without counsel here, but it

22    appears to be a matter that very much needs to be addressed.

23            MR. ZILBERBERG:  Your Honor, if I recall correctly,

24    and I understand the Court's sensitivity of not going into it,

25    I believe that the complaint was recently answered.
```

CHRISTINE PERSAUD, KLEIN v. PERSAUD, KLEIN v. PEREIRA

```
 1              THE COURT:  On the docket of 10-1228?

 2              MR. ZILBERBERG:  Klein v. Persaud, yes.

 3              THE COURT:  Okay.  Well, we'll double-check --

 4              MR. ZILBERBERG:  I believe so.  I'll double-check --

 5              THE COURT:  -- we'll double- and triple-check the

 6      docket for that.  I will say we looked as recently as this

 7      morning as we waited for counsel to appear, and all I could --

 8              MR. ZILBERBERG:  Your Honor --

 9              THE COURT:  -- but we'll look into it.

10              MR. ZILBERBERG:  Your Honor, I will check in my

11      office, and if by letter or otherwise I can -- with

12      notification to Ms. Persaud's counsel, I'll respond if we find

13      or don't find that the complaint has been answered.

14              THE COURT:  Well, I would expect to hear from

15      defendant's counsel with respect to an answer, not from

16      plaintiff's counsel, but I'll take the information however we

17      can get it.  All right.  So we'll come back to that.

18              The next series of items on the calendar are the 2004

19      examination requests which were the subject of some orders

20      granting relief in part focused on documents that seem to me

21      the appropriate starting point, and ending point I don't know;

22      that's the question for today.  There's been some time since

23      those applications were made.

24              I'd like to hear from trustee and trustee's counsel as

25      to whether -- as to what the status is, whether you're seeking
```

CHRISTINE PERSAUD, KLEIN v. PERSAUD, KLEIN v. PEREIRA

Page 11

 1   additional relief including whether you're seeking testimony.

 2   It seems to me that, in view of the passage of time and also,

 3   hopefully, the opportunity to review whatever documents have

 4   been produced, it may be appropriate to narrow both the number

 5   of requests and the extent of the relief you're seeking.  If

 6   you're still seeking additional examinations, I ask you further

 7   to brief what you are now seeking.

 8          When I see a matter that was originally heard back in

 9   September, when I think about how much has transpired and the

10   fact that you have had, presumably, documentary examination

11   through the responses to the orders that I entered, I wonder

12   what makes sense.

13          Mr. Campo, let me hear from you.

14          MR. CAMPO:  Thank you, Your Honor.  And let me start,

15   Your Honor, by saying that while we all are very grateful with

16   respect to the amended order that Your Honor had entered, which

17   really gave very good clarity and specificity to exactly what

18   was to be produced, and then, of course, it required the

19   production of those documents and then continued the

20   application for a hearing in connection with, among other

21   things, the examination.  But unfortunately, Your Honor, I have

22   a list of documents -- and Your Honor, you can refer to your

23   own orders.  They were all entered -- the amended orders were

24   all entered on November 10, and if I could refer you to, for

25   example, the Caring Home Care agency order, the amended order

```
 1    that you entered.

 2            THE COURT:  No, but tell me the number on the docket.

 3            MR. CAMPO:  I don't have the docket number, Your

 4    Honor, but I know it was dated --

 5            THE COURT:  I have the motion file.  I'm sure I'll be

 6    able to find it.

 7            MR. CAMPO:  Yeah.  Let me see if I have a docket

 8    number.

 9            THE COURT:  I have the amended order before me.

10            MR. CAMPO:  Yes.

11            THE COURT:  It's number 296 on the docket.

12            MR. CAMPO:  Correct, Your Honor.  I just found it.  I

13    found a copy with the docket number on it.

14            THE COURT:  So where do we stand on this?

15            MR. CAMPO:  Well, where we stand, Your Honor,

16    unfortunately is, is you can see what was requested -- I'm

17    sorry -- what was directed to be produced.  And Your Honor,

18    particularly if you could focus on the fact of what was -- the

19    categories of all the documents were supposed to be produced

20    for the period from January 1 of '08 through May 26 of '10.  We

21    all understood why Your Honor used the May 26 date, because

22    that was the date of the debtor's filing of her Chapter 11

23    proceeding, and it requested a list of twelve lists of types of

24    documents.

25            The documents that were produced, Your Honor, were
```

 1    limited to the following:  a January 2008 bank statement for

 2    one account and copies of checks during the month of January

 3    2008.  I would point out to you, Your Honor, those were the

 4    times that the debtor was operating Caring.  We're not really

 5    interested in -- I mean, we all understand -- I mean, while we

 6    want those documents, that was one month we got.  We then

 7    got --

 8            THE COURT:  Well, responsive but incomplete, seems to

 9    be the suggestion.

10            MR. CAMPO:  Incomplete --

11            THE COURT:  Have you had an opportunity to confer with

12    Caring's counsel on this?

13            MR. CAMPO:  We have, Your Honor.

14            THE COURT:  I understand that because of the ambiguity

15    with res -- well, because of the pendency of the retention

16    motion, there may have been --

17            MR. CAMPO:  Correct.

18            THE COURT:  -- some limitations, but --

19            MR. CAMPO:  Yeah.

20            THE COURT:  -- you know, in the first instance,

21    document production issues should be conferenced between

22    counsel, and in most instances, they should be resolved between

23    counsel.

24            MR. CAMPO:  Agreed, Your Honor.  And we only had our

25    first opportunity to speak this morning, since the order was

Case 1:12-cv-03337-JG    Document 1-53    Filed 07/05/12    Page 14 of 40    PageID #: 1307

CHRISTINE PERSAUD, KLEIN v. PERSAUD, KLEIN v. PEREIRA

1    entered yesterday, that --

2            THE COURT:  I understand.

3            MR. CAMPO:  We understand that.  And I spoke with

4    Mr. Zilberberg, and he's telling us that there's a series of

5    some additional documents to be delivered, but what I would ask

6    Mr. Zilberberg to tell us is exactly what's being delivered

7    that going to be responsive to what Your Honor has already

8    entered and directed.

9            THE COURT:  Mr. Campo, it's a great question, but I

10   think the parties should deal with it not on the record.

11           MR. CAMPO:  Okay, Your Honor.  We'll be happy to deal

12   with that but --

13           THE COURT:  You know, I certainly bear some

14   responsibility having only gotten you this decision yesterday,

15   but --

16           MR. CAMPO:  It's okay, Your Honor.  Nobody's --

17   there's no fault to the Court here at all.  It's clearly

18   something that we want a time frame for when -- when are these

19   documents going to be delivered.

20           THE COURT:  Well, let's -- Mr. Campo, remember what I

21   just said, please.

22           MR. CAMPO:  All right.  I will, Your Honor, but --

23           THE COURT:  Good try, though.

24           MR. CAMPO:  -- I'll try.

25           But, Your Honor, one of the things that we need to do

Case 1-10-44815-ess    Doc 391    Filed 03/09/12    Entered 03/09/12 15:07:55
Case 1:12-cv-03337-JG    Document 1-53    Filed 07/05/12    Page 15 of 40 PageID #: 1308
CHRISTINE PERSAUD, KLEIN v. PERSAUD, KLEIN v. PEREIRA

```
 1    is, in terms of moving these 2004s forward is to, one, get the

 2    documents that the Court directed, which I'll work with

 3    Mr. Zilberberg to make sure we get them, and we'll confer, but

 4    then the second phase, Your Honor, is -- frankly, is we're

 5    going to need to examine the 2004s.

 6            THE COURT:  You know, you need to look at the

 7    documents and see who you need to examine.  You've got six of

 8    these, I think.  It may be you need some but not all of these

 9    examinations.  That's the process I'd like to see under way.

10    You've helped me with an additional perspective on this which

11    is that the kind of productive conferencing that typically

12    happens among counsel with respect to document issues has only

13    really just begun because of the counsel situation, but now

14    that it has begun, how much time would you like to try to

15    resolve all the document issues?  I'll give you a couple weeks,

16    if that makes sense; I'll give you a month, if that makes

17    Sense.

18            MR. CAMPO:  Well, Your Honor, I would hope we could --

19            THE COURT:  But then we'll come back for --

20            MR. CAMPO:  -- I hope we could resolve it within a

21    week, and we would like to come back on a shorter time frame

22    only because if we're -- we're going to know quickly whether

23    we're going to have issues in terms of what's being produced.

24    It's not like the respondents to the 2004s haven't had months,

25    literally months now.  You entered this order in November, and
```

```
 1    it's now March.

 2              MR. ZILBERBERG:  Your Honor, if I may speak for a

 3    moment.  We have produced approximately 5,000 documents.  I

 4    told Mr. Campo this morning --

 5              THE COURT:  Is that pages or documents?

 6              MR. ZILBERBERG:  Pages.

 7              THE COURT:  Pages, I assume.  All right.

 8              MR. ZILBERBERG:  Pretty close to it in documents

 9    though; they're not multipage documents.

10              THE COURT:  But produced by whom?

11              MR. ZILBERBERG:  Produced by --

12               THE COURT:  I mean, we have a lot of entities or

13    individuals here.

14              MR. ZILBERBERG:  Well, some of the individuals do not

15    have -- we have already advised the trustee that some of the

16    individuals do not have any responsive documents.

17              THE COURT:  With respect to Mr. Gottehrer, are there

18    any responsive documents?

19              MR. ZILBERBERG:  I don't think so.  I don't think so.

20              THE COURT:  Have you said that after a reasonable

21    search, the details of which you --

22              MR. ZILBERBERG:  Yes.

23              THE COURT:  -- may wish to set forth, you are unable

24    to identify any responsive documents --

25              MR. ZILBERBERG:  Yes.
```

Case 1-10-44815-ess    Doc 391    Filed 03/09/12    Entered 03/09/12 15:07:55
Case 1:12-cv-03337-JG    Document 1-53    Filed 07/05/12    Page 17 of 40 PageID #: 1310
CHRISTINE PERSAUD, KLEIN v. PERSAUD, KLEIN v. PEREIRA

Page 17

    1          THE COURT:  -- in the possession, custody or control

    2    of Mr. Gottehrer?

    3          MR. ZILBERBERG:  Yes, yes.

    4          THE COURT:  How about Mr. Joel Klein?

    5          MR. ZILBERBERG:  Same.  Okay --

    6          THE COURT:  How about --

    7          MR. ZILBERBERG:  Abraham Klein --

    8          THE COURT:  Caring Home we're going to set to the

    9    side.  Abraham Klein we're going to set to the side for the

   10    moment.  Mr. Escobar --

   11          MR. ZILBERBERG:  I believe that we may have some

   12    documents from Mr. Escobar.

   13          THE COURT:  All right.  But it seems to me that it may

   14    be that as to two of these indiv -- as to two of the subjects

   15    of the 2004 orders, Mr. Gottehrer and Mr. Klein, Joel Klein, it

   16    may be that, subject to your satisfying Mr. Campo that you have

   17    conducted a reasonable search in answering whatever questions

   18    he may wish your answers to, it may be that we can mark those

   19    matters off.  I'd like to know if that's the case; I'd like to

   20    simplify this.

   21          MR. CAMPO:  Your Honor, I --

   22          THE COURT:  With respect to Caring and Mr. Klein,

   23    Abraham Klein, I anticipate there will be significant

   24    additional --

   25          MR. ZILBERBERG:  That's what I --

Case 1:12-cv-03337-JG    Document 1-53    Filed 07/05/12    Page 18 of 40 PageID #: 1311
CHRISTINE PERSAUD, KLEIN v. PERSAUD, KLEIN v. PEREIRA

1            THE COURT:  -- back and forth between the parties

2     which I encourage you to undertake in the promptest possible

3     time frame.

4            MR. ZILBERBERG:  Yes, Your Honor.

5            THE COURT:  And Mr. Escobar seems to be somewhere

6     between the two; you'll figure that out.

7            MR. ZILBERBERG:  I -- yes.

8            MR. CAMPO:  Your Honor, the only issue with respect to

9     Mr. Klein and Mr. Gottehrer would be one --

10           THE COURT:  Mr. Joel Klein?

11           MR. CAMPO:  I'm sorry.  Mr. Joel Klein --

12           THE COURT:  Thank you.

13           MR. CAMPO:  -- and Mr. Gottehrer -- thank you, Your

14    Honor -- is that Mr. Zilberberg's representation that neither

15    of them have documents, we'd like confirmation of that.

16           THE COURT:  You'll work on that.

17           MR. CAMPO:  And, Your Honor, notwithstanding that they

18    don't have documents, they're both, as we understand it, people

19    who were involved in the time frame during which Mr. Klein and

20    Ms. Persaud had their disputes regarding Caring.  So while they

21    may not have responsive documents, that doesn't mean we still

22    wouldn't want to take their examination.

23           THE COURT:  But you don't -- I appreciate that it not

24    meaning that you don't is different than your saying that it

25    does mean that you do, and it seems to me that's a question for

1    another day.  I would encourage the trustee in the exercise of

2    business judgment in this intensely litigated matter to

3    prioritize the discovery that you do, not as if you were

4    preparing to try a case but with the -- but always having in

5    mind that the job here is to marshal in the most cost-effective

6    way possible the assets of this estate for the benefit of

7    creditors.

8            MR. CAMPO:  We understand that, Your Honor.

9            THE COURT:  All right.  Well, I --

10           MR. CAMPO:  And all I'm saying is that at this point

11   carrying those 2004s are fine subject to getting confirmation

12   from Mr. Klein -- I'm sorry -- from Mr. Zilberberg --

13           THE COURT:  Yeah.

14           MR. CAMPO:  -- but then also at that point allowing

15   the trustee an opportunity to assess whether he feels the need

16   to examine either of them.

17           THE COURT:  What you need to do and what sequence you

18   need to do it in, I think that makes a lot of sense --

19           MR. CAMPO:  Thank you.

20           THE COURT:  -- having in mind that there is a

21   difference between the discovery you take to try a case and the

22   2004 relief that you need to pursue the marshalling of

23   assets --

24           MR. CAMPO:  Right.

25           THE COURT:  -- consistent with the trustee's duties

```
 1       under the Bankruptcy Code.

 2               MR. CAMPO:  Um-hum.

 3               THE COURT:  All right.  So it seems to me that the

 4       path forward with respect to the 2004s is that the parties

 5       confer, and I direct you to confer in the production of

 6       documents in compliance with the orders that have been entered

 7       and that we have a time frame that will be a sensible time

 8       frame to return, understanding it may take a week or two to

 9       complete that process and then some brief additional time to

10       complete whatever production which you should be doing on a

11       rolling basis in response to your discussions.

12               MR. CAMPO:  Well, Your Honor --

13               THE COURT:  I want to come back to scheduling, but

14       let's -- would anyone else like to be heard on the 2004s?  I

15       think I've heard from the parties-in-interest.

16               With respect to the motion that has been on the

17       Court's calendar for some time with respect to the violation of

18       the automatic stay, I'd like to hear from the parties on how

19       you think it makes sense to proceed.  I can tell you that I am

20       thinking that it's time to schedule -- time to argue that and

21       get you a decision.  I'm concerned about letting an issue as

22       significant as that -- if it is an issue that the parties wish

23       to press, I'm concerned about having it remain unaddressed for

24       as long as it has remained unaddressed, understanding that this

25       perhaps, like other issues, was affected and perhaps put in
```

Case 1-10-44815-ess    Doc 391    Filed 03/09/12    Entered 03/09/12 15:07:55
Case 1:12-cv-03337-JG   Document 1-53   Filed 07/05/12   Page 21 of 40 PageID #: 1314
CHRISTINE PERSAUD, KLEIN v. PERSAUD, KLEIN v. PEREIRA

Page 21

1    some abeyance by the pendency of the --

2            MR. CAMPO:  Your Honor, I guess --

3            THE COURT:  -- counsel motion.

4            MR. CAMPO:  -- we are prepared to move forward and

5    argue that.  I believe that it is fully briefed.

6            THE COURT:  I think it may well be.

7            MR. CAMPO:  But it has been a while since we've all

8    looked at these, and certainly, we haven't been looking at it

9    because of the issues concerning --

10           THE COURT:  Understood.

11           MR. CAMPO:  -- until the retention was more clarified.

12   So my suggestion would be, again, thinking that I believe I

13   know that there's going to be a request by Ms. Persaud to

14   adjourn her matters, that if we were to have a shorter

15   adjournment on all the matters we would give ourselves the

16   opportunity to discuss the 2004s, and perhaps Mr. Zilberberg

17   and I can also discuss whether we think there's any need for

18   any supplemental briefing with respect to that and then come

19   back to the Court and ask the Court to then schedule for an

20   oral argument shortly thereafter.

21           THE COURT:  A supplemental briefing on the context of

22   the state court judgment issue?

23           MR. CAMPO:  Correct.

24           THE COURT:  Some of the issues framed there, including

25   the question of whether the debtor would seek stay relief, have

Case 1-10-44815-ess    Doc 391    Filed 03/09/12    Entered 03/09/12 15:07:55
Case 1:12-cv-03337-JG    Document 1-53    Filed 07/05/12    Page 22 of 40    PageID #: 1315
CHRISTINE PERSAUD, KLEIN V. PERSAUD, KLEIN v. PEREIRA

Page 22

```
 1    come up in different contexts.  We did have the debtor's

 2    motion, not the estate's motion, but the debtor's motion for

 3    stay of relief.

 4            MR. CAMPO:  Correct.

 5            THE COURT:  It's a good question posed by the issues

 6    in that -- that were identified in that motion whether stay of

 7    relief of some sort doesn't make sense but not -- but sought by

 8    the right parties or, I suppose, proposed by the Court.  You

 9    know, you do need definition and resolution of the issue with

10    respect to the status of the arbitration award.  I think at

11    some point in the papers, and I can't point you to it with

12    precision, but there is the suggestion in the record that what

13    the appellate division did was somehow overturn the arbitration

14    award which I think would misstate the record.  I think it did

15    neither less nor more than overturn the confirmation of the

16    award, but --

17            MR. CAMPO:  It did, Your Honor.

18            THE COURT:  -- finding that there could be a

19    meritori -- but on the basis of the prospect of meritorious

20    defense --

21            MR. CAMPO:  Right.

22            THE COURT:  -- which raises a whole host of issues

23    that need to be resolved and may well best be resolved in the

24    court where they're pending, so --

25            MR. CAMPO:  And Your Honor, the issue there is, is
```

CHRISTINE PERSAUD, KLEIN V. PERSAUD, KLEIN V. PEREIRA

Page 23

```
 1    that we have all sorts of disputes between the debtor and

 2    Mr. Klein with respect to whether or not the debtor even

 3    executed the agreement that forms the basis of Mr. Klein's

 4    position that the disputes under that alleged agreement were

 5    even subject to arbitration.

 6            THE COURT:  Or to the extent that it -- or on whose

 7    behalf it was executed; I recall the issue from a prior

 8    hearing.  I come back again to the notion that in a Chapter 7

 9    case every decision that is made on how to move forward that is

10    a trustee decision as opposed to a court's decision --

11            MR. CAMPO:  Correct.

12            THE COURT:  -- needs to be made in the context of

13    sensible business judgment.

14            MR. CAMPO:  And Your Honor, in that --

15            THE COURT:  And I really worry about that here because

16    it is possible that you can spend hundreds of hours -- all of

17    you can spend -- in perhaps the interest of terrific lawyering

18    but not necessarily the most appropriate estate administration

19    or pursuit of a creditor's interests, it's possible to spend

20    tens or hundreds of thousands of dollars of legal fees in

21    winning issues at the end of which we will have some court

22    decisions in the state and federal court and no money left for

23    creditors.

24            MR. CAMPO:  Well, Your Honor, one of the things that

25    the trustee believes, and we've not heard from Mr. Klein on, is
```

the fact that at this point, Your Honor, there is an adversary proceeding before you, which is the Klein v. Pereira, and there's the counterclaim, which really puts those issues squarely before this Court with respect to what transpires and who owns Caring.

THE COURT: Well, I'm not sure --

MR. CAMPO: And in fact, I believe -- well, I believe that Mr. Klein --

THE COURT: I'm aware of the docket.

MR. CAMPO: Again, Your Honor, I wasn't involved that phase of the case until now which is -- we're going to catch up on it, but my understanding is, is that Mr. Klein's filed a declaratory judgment action for declaration that the estate has no interest in Caring. And Mr. Pereira, as trustee, through his law firm, Pereira & Sinisi, responded, answered, counterclaimed, and there's, I think, been an answer to the counterclaim. So I think issues' been joined on that.

THE COURT: Yes, it has, on November 15th.

MR. CAMPO: And now the question is, is where do we go with respect to discovery on that adversary proceeding --

THE COURT: Well, and that's on --

MR. CAMPO: -- because there's where Your Honor --

THE COURT: And we're going to get there, Mr. Campo.

MR. CAMPO: I agree, Your Honor. There's where I think -- and I think the trustee is very cognizant of this --

CHRISTINE PERSAUD, KLEIN v. PERSAUD, KLEIN v. PEREIRA

Page 25

1    that before he proceeds down the path of doing -- of focusing

2    where the efforts are best put, we're going to make sure that

3    we're going to get into a position where we're going to get a

4    final determination with respect to those rights, and those are

5    the rights that really impact this estate because it is Caring

6    that has a significant amount of value.  While the trustee is

7    operating the Liberty estate right now, and I think on that

8    score, Your Honor, we recently submitted a further stipulation

9    to be so ordered to extend his operations.

10           THE COURT:  I think it was so ordered.

11           MR. CAMPO:  Oh, I'm sorry, Your Honor; it might have

12   been already.  We submitted one last week that kicks it out for

13   another ninety days.

14           THE COURT:  I'm quite sure that's on the docket.

15           MR. CAMPO:  All right.  I'll check it.  Thank you,

16   Your Honor.

17           THE COURT:  I know it's off my desk anyway.

18           MR. CAMPO:  It may be -- it may have already been

19   entered.  But the issues now really are the focus of where are

20   we with respect to Caring.

21           THE COURT:  I think that's right.

22           MR. CAMPO:  And we really look forward to the

23   opportunity to working with Mr. Zilberberg directly now.

24           THE COURT:  I'm sure you both look forward to seeing

25   if there's an effective way to resolve what has been the

Case 1-10-44815-ess    Doc 391    Filed 03/09/12    Entered 03/09/12 15:07:55
Case 1:12-cv-03337-JG    Document 1-53    Filed 07/05/12    Page 26 of 40 PageID #: 1319
CHRISTINE PERSAUD, KLEIN v. PERSAUD, KLEIN v. PEREIRA

1       subject of such animated litigation in so many fora.

2              Here's how I propose to proceed.  I think you do have,

3       now, at least a good sense of who's involved.  You need a

4       little bit of time because you have a lot to do.  You've got to

5       think about those 2004 issues.  I'm going to ask you to do that

6       and be prepared to report on each of them, and I would like you

7       to view them as my docket reflects them and as the applications

8       indicate as discrete; they're not just six stuck together.

9              MR. CAMPO:  Um-hum.

10             THE COURT:  They are -- I want you to peel them apart,

11      understand that there seem to be -- maybe five, I should say,

12      not six -- two or three categories.

13             I think it can't be again said on this record that as

14      to Caring and as to Abraham Klein, there's going to be some

15      work to do.  As to Mr. Gottehrer and Joel Klein, it may be a

16      different category.

17             MR. CAMPO:  Agreed.

18             THE COURT:  Of course, you can assume that whatever

19      disposition there is would not be with prejudice to your rights

20      to seek or oppose further inquiry down the road if it turns out

21      that it's appropriate to focus on some but not others of these

22      issues.  We have the motion with respect to the state court.

23             I have to say, it's a big issue there for me that the

24      parties participated both here and there, eyes open, and I

25      doubt there is case law that would support the notion that you

Case 1:12-cv-03337-JG    Document 1-53    Filed 07/05/12    Page 27 of 40 PageID #: 1320

1   can let something run its course, see if you win or lose, and

2   then seek to cry foul and a violation of the stay.  That would

3   concern me.  It would surprise me if the law supported that.  I

4   don't know if that's the record here, and I make these

5   observations not as conclusions of law but as serious and

6   difficult questions that we will have to come back to as a

7   practical matter.  You can resolve them.

8        You may find -- I anticipate that you will find

9   yourselves being asked about a referral of the question, in all

10  the ways it comes up, of the Caring asset to mediation at our

11  next hearing, and you should be ready to address that question

12  and substantively.

13       So I think your agenda, from my perspective, in our

14  next -- before our next series of hearings on these matters, is

15  to confer with an eye toward resolution on the issues that are

16  raised in the 2004, the production that has currently been

17  ordered, it is the subject of a court order, you need to

18  comply.

19       With respect to further relief you need, you need to

20  give that careful thought, see what you can come up with

21  consensually.  Come back; we'll talk about whether I want

22  further briefing.  You can look for guidance from the Court on

23  that after I hear from you.

24       MR. CAMPO:  Thank you, Your Honor.

25       MR. ZILBERBERG:  Your Honor --

```
 1           THE COURT:  Wait.  Please let me finish --

 2           MR. ZILBERBERG:  I'm sorry.

 3           THE COURT:  -- Mr. Zilberberg.

 4           With respect to the stay violation motion, number 7 on

 5      the docket, number 179 in the case docket, and the Klein v.

 6      Pereira adversary proceeding, the underlying issues, I think,

 7      are pretty closely related, and when we come back, I will be

 8      interested in hearing about the status and keenly interested in

 9      your collective or separate positions on how best to move those

10      matters forward.  I'm not going to today set a schedule for

11      additional briefing on the motion, but if it turns out that

12      that's a motion that needs to be decided, you'll get a

13      prompt -- you'll get a quick schedule and a prompt date to come

14      back and argue that --

15           MR. CAMPO:  Thank you.

16           THE COURT:  -- which hopefully will be an incentive

17      also to think about ways to resolve it.  As to the matters

18      where we need Ms. Persaud's personal counsel here, you know,

19      it's nearly two hours after I scheduled time.

20           MR. CAMPO:  Yeah.

21           THE COURT:  As for today, we're going to carry those

22      matters.  In the future, I say as earnestly as I can say it, we

23      can't make progress without people here.  When people are late,

24      it burdens every single lawyer in this courtroom and every

25      party, so.
```

CHRISTINE PERSAUD, KLEIN v. PERSAUD, KLEIN v. PEREIRA

```
 1              Mr. Zilberberg.  Excuse me for one second.

 2              MR. ZILBERBERG:  Sure.

 3              THE COURT:  Yes.

 4              MR. ZILBERBERG:  Your Honor, I just wanted to point

 5     out that we will try to confer as diligently as possible with

 6     Mr. Campo.  I will be overseas next week for about ten days,

 7     but I will try to reach out to him before I go, and if we

 8     can't, then as soon as I get back, it will be first thing on

 9     the calendar.

10              MR. CAMPO:  Well, hopefully, Mr. --

11              THE COURT:  Anyone who can be overseas for ten days in

12     one week can certainly get the matters in this case resolved.

13              MR. CAMPO:  That's right.

14              MR. ZILBERBERG:  There's the weekends, Your Honor.

15              THE COURT:  Understood.

16              MR. CAMPO:  Your Honor, I would just want to point out

17     that --

18              THE COURT:  Next week is a little sooner than I was

19     thinking of getting you back.

20              MR. ZILBERBERG:  No, not coming back.

21              THE COURT:  It does give you some time this week to

22     get to work.

23              MR. ZILBERBERG:  I'm going to reach out to him this

24     week.

25              THE COURT:  Understood.
```

Case 1-10-44815-ess   Doc 391   Filed 03/09/12   Entered 03/09/12 15:07:55
Case 1:12-cv-03337-JG   Document 1-53   Filed 07/05/12   Page 30 of 40 PageID #: 1323
CHRISTINE PERSAUD, KLEIN v. PERSAUD, KLEIN v. PEREIRA

Page 30

1        MR. CAMPO:  Right.

2        THE COURT:  All the more reason to get to work.

3        MR. CAMPO:  And I would appreciate that.

4        THE COURT:  Yeah.

5        MR. CAMPO:  And then, of course, Your Honor, I think

6    if it would be -- it would be extremely helpful to us if, in

7    Mr. Zilberberg's absence when he is overseas, that

8    Mr. Lewittis, who's actually the attorney who's been handling

9    the 2004s on behalf of the --

10        THE COURT:  You all work that among yourselves.

11        MR. CAMPO:  We'll work it all out.

12        THE COURT:  You work it all out.  I've said what I

13    have to say about representation here --

14        MR. CAMPO:  Great.

15        THE COURT:  -- at least for the week.

16        MR. ZILBERBERG:  Thank you, Your Honor.

17        THE COURT:  All right.  So just so I have an

18    understanding of scheduling, the week of the 12th is not a

19    practical week for the parties to make progress, but it seems

20    to me then you come back and you have a couple of weeks before

21    the holiday period begins in order to make a lot of progress

22    which I greatly anticipate.  We then come into the holiday

23    period.  Would it be impractical to try to schedule court

24    during that?  I should think so.  So we're probably looking at

25    something like April -- mid-April, April 19th.

```
 1              MR. CAMPO:  Your Honor, the only thing I would ask is,
 2      if it's at all possible, would be to have a quicker, a shorter
 3      date so that we can confer in the event the parties -- I mean,
 4      that's a lengthy time.  I think we should be able to resolve --
 5      at least get to know where we are within a couple of weeks, and
 6      I was hoping maybe we could have a hearing before --
 7              THE COURT:  Something the week of April 2nd?
 8              MR. CAMPO:  Or even the week of the 26th.  Does that
 9      work, Your Honor?
10              THE COURT:  I think you --
11              MR. CAMPO:  March.
12              THE COURT:  I want to be realistic about what's --
13              MR. CAMPO:  Okay.
14              THE COURT:  -- going to be practical here.  Let's look
15      at the week of the 2nd; 2nd, 3rd, 4th, those are really, really
16      busy court days --
17              MR. CAMPO:  Um-hum.
18              THE COURT:  -- because everything that happens
19      thereafter.
20              MR. CAMPO:  Right, sure.
21              THE COURT:  I need some time that week to get this
22      work done.  Otherwise, we're booked morning and afternoon every
23      day of that week.  So 9:30 on the 4th --
24              MR. ZILBERBERG:  It works for me, Your Honor.
25              THE COURT:  -- understanding that this is really going
```

1    to be a focused working session on all of the case matters,

2    case administration, case management.  I won't be scheduling

3    the argument on the motion then.  Does it work?

4            MR. ZILBERBERG:  Yes.

5            THE COURT:  Does that work for you?

6            MR. ZILBERBERG:  Your Honor, first of all, I may be

7    out of town, I don't know yet.  It's a family issue with

8    Passover, and Mr. Lewittis, as well, has just told me that

9    he'll be away.  I will --

10           THE COURT:  So how many -- Mr. Zilberberg, let me do

11   it this way.  When are you available?  Not that that's going to

12   be ultimately definitive.  At some point, the Court is in

13   control of the Court's calendar, but --

14           MR. ZILBERBERG:  Understood, understood.  I have

15   something on the 17th, I can -- in a different court, I could

16   move it if necessary, April 17th.

17           THE COURT:  That's pretty far out --

18           MR. CAMPO:  That's pretty far out, Your Honor.

19           THE COURT:  -- and that doesn't work for me.  If the

20   idea is to do something in the week of April 2nd, are you

21   available on the 2nd?

22           MR. ZILBERBERG:  I'm looking at Mr. Lewittis who's not

23   available.

24           THE COURT:  Are you available on the 3rd?

25           At some point, it's really not my job to negotiate my

CHRISTINE PERSAUD, KLEIN v. PERSAUD, KLEIN v. PEREIRA

Page 33

1   schedule with you.  I think you know that.  I'm doing my best

2   to be accommodating, but you're asking me to go out so far

3   without any meaningful assurance of progress.  I don't want to

4   come back on the 17th or the 24th and find out that we really

5   are exactly where we are today.

6           MR. ZILBERBERG:  Your Honor, I've already told

7   Mr. Campo that there are about 2,000 documents additional that

8   are -- 2,000 pages, I'm sorry, to be more exact, that will be

9   delivered to him during my absence.  I just want to finish a

10  review of them before they go out.

11          MR. CAMPO:  Right.

12          MR. ZILBERBERG:  I have said that we will diligently

13  work with Mr. Campo during this time period to try to work out

14  whatever we can reach by accommodation.

15          THE COURT:  Okay.

16          MR. ZILBERBERG:  And then we're going to come back

17  into court to deal with those things that we can't.  In

18  addition, Mr. Campo, in order to fashion his response, is going

19  to have to review that which I send to him.

20          THE COURT:  Understood.

21          MR. CAMPO:  But, Your Honor --

22          MR. ZILBERBERG:  So the date is really not -- it's a

23  question of whether it's a few days before the holiday or a few

24  days after the holiday.

25          MR. CAMPO:  Well, Your Honor, it's really a little

CHRISTINE PERSAUD, KLEIN v. PERSAUD, KLEIN v. PEREIRA

```
 1   bit --

 2            THE COURT:  Here's what I'm going to do.  You can have

 3   the 23rd or the 24th.  Tell me what time on the 24th in the

 4   morning, 23rd I can work with morning or afternoon --

 5            MR. CAMPO:  Your Honor, we're talking --

 6            THE COURT:  -- but I'm going to direct that you file a

 7   report of the status of these matters in advance of that, and

 8   I'd like it to be a joint report.  All right?

 9            MR. CAMPO:  Your Honor, we're talking about April 23rd

10   or 4th?

11            THE COURT:  Yes.

12            MR. ZILBERBERG:  I can do the 24th.

13            THE COURT:  All right.

14            MR. CAMPO:  Your Honor --

15            THE COURT:  The 24th at 9 o'clock.

16            Mr. Campo, I am investing the time in the parties

17   making good progress here.

18            MR. CAMPO:  Your Honor, I appreciate that.

19            THE COURT:  If it turns out that the investment is a

20   bad investment, I'll be well advised next time.  All right?

21            MR. CAMPO:  All right, Your Honor.  I appreciate

22   that --

23            THE COURT:  All right.  April 24th at 9 o'clock.

24            MR. CAMPO:  -- because we're a little concerned about

25   that length.
```

1          THE COURT:  I am too, but you've also had what,

2     twenty-four hours to get up to speed in the case.  That means

3     you have to time you need, you have the time to prove me right

4     in having confidence in what you're saying about resolving

5     these issues, okay?  And I'm going to want to hear your views

6     on a referral of this matter to mediation, I mean specifically

7     the dispute about the Caring asset.

8          And I'd like you, between now and then, also to have

9     reviewed with careful attention the mediation registers of this

10    court and also the Southern District so that you know what

11    names would not be possible and what names you would like to

12    see if I go down that path.  All right?  And we'll collect all

13    of that in an appropriate order, scheduling order that we'll

14    get up on the docket.

15          I note that we still have no attorney here for the

16    defendant, Ms. Persaud, in 10-1228, the adversary proceeding,

17    and I think that could be the only matter that's directly

18    relevant to.  We'll note that nonappearance on the docket.

19          Okay.  Thank you very much.  I'm sorry we couldn't

20    make more progress.  I'm glad for the progress we made, and I

21    will see you on that date.  And if you request a conference

22    before then, and if it makes sense, we'll schedule that, too.

23    I think I now have --

24          MR. CAMPO:  And Your Honor, you said a joint status

25    report you would like?

Case 1:12-cv-03337-JG   Document 1-53   Filed 07/05/12   Page 36 of 40 PageID #: 1329

CHRISTINE PERSAUD, KLEIN v. PERSAUD, KLEIN v. PEREIRA

```
 1              THE COURT:  I would like a joint status report, yes.
 2         Thank you.
 3              MR. ZILBERBERG:  Thank you, Your Honor.
 4              THE COURT:  I did.
 5         (Pause)
 6              MR. CAMPO:  Your Honor, when would you like that
 7    report filed, the date?
 8              THE COURT:  When do you think makes sense?
 9              MR. CAMPO:  Whatever makes sense?
10              THE COURT:  No.  I'm sorry.  When do you think makes
11    sense?  I'm going to give you a date, but --
12              MR. CAMPO:  Oh, I would think that we just need to
13    make sure you have it however long in advance that you'll need
14    to review it.
15              THE COURT:  I'd like it at -- well, I'm quite mindful
16    of the point you made about -- I'd say March 30th.  March 30th
17    make sense?  It's the end of the time period that I think --
18              MR. CAMPO:  That's fine, Your Honor.
19              THE COURT:  -- a good number of you is available.
20              MR. CAMPO:  And that will actually --
21              THE COURT:  Written status report March 30th.
22              MR. CAMPO:  That will be great because to the extent
23    that -- may I just reflect that obviously if there's things
24    that we don't agree upon, then --
25              THE COURT:  It'll be a --
```

1          MR. CAMPO:  It'll be a separate.

2          THE COURT:  It'll turn up in the report but --

3          MR. CAMPO:  Okay, thank you.

4          THE COURT:  -- or with separate parts.  But I think

5    that is at the end of the period of time that includes a

6    significant amount of time when you're all available --

7          MR. CAMPO:  No, we --

8          THE COURT:  -- and you're also reachable knowing --

9    having some sense of how busy your practices are.

10          MR. CAMPO:  That's a very practical date because by

11    then we'll have some focus as to what these upcoming issues

12    will be and whether or not the Court has --

13          THE COURT:  You'll have to find what you need to work

14    on in the next three weeks.

15          MR. CAMPO:  We will.

16          THE COURT:  All right.  Thank you so much.  Thank you

17    for coming in.

18          MR. ZILBERBERG:  Thank you.

19          THE COURT:  I know it's a hard case.  I appreciate

20    your efforts.

21          (Whereupon these proceedings were concluded at 11:29 AM)

22

23

24

25

Page 38

C E R T I F I C A T I O N

I, David Rutt, certify that the foregoing transcript is a true

and accurate record of the proceedings.

_____

DAVID RUTT

AAERT Certified Electronic Transcriber CET**D-635

Veritext

200 Old Country Road

Suite 580

Mineola, NY 11501

Date:  March 8, 2012

# United States Bankruptcy Court

Eastern District of New York
271 Cadman Plaza East, Suite 1595
Brooklyn, NY 11201–1800

---

IN RE:                                                                    CASE NO: 1–10–44815–ess

   Christine Persaud

SSN/TAX ID:                                                               CHAPTER: 7

   xxx–xx–0247

          DEBTOR(s)

---

## NOTICE OF FILING OF TRANSCRIPT AND OF DEADLINES RELATED TO RESTRICTION AND REDACTION

Notice is hereby given that:

A transcript of the proceeding held on March 6, 2012 was filed on March 9, 2012 .

The following deadlines apply:

The parties have until March 16, 2012 to file with the court a Notice of Intent to Request Redaction of this transcript. The deadline for filing a Transcript Redaction Request is March 30, 2012.

If a Transcript Redaction Request is filed, the redacted transcript is due April 9, 2012.

If no such Notice is filed, the transcript may be made available for remote electronic access upon expiration of the restriction period, which is June 7, 2012 unless extended by court order.

To review the transcript for redaction purposes, you may purchase a copy from the transcriber Veritext (888–706–4576) or you may view the document at the public terminal at the Office of the Clerk.

 Dated: March 9, 2012

                                          For the Court, Robert A. Gavin, Jr., Clerk of Court

**BLnftrans.jsp** [Notice of Filing Transcript and Deadlines to Restriction and Redaction rev. 11/21/08]

# Notice Recipients

District/Off: 0207−1               User: btaylor               Date Created: 3/9/2012
Case: 1−10−44815−ess            Form ID: 295                 Total: 6

**Recipients of Notice of Electronic Filing:**
tr      John S. Pereira        pereiraesq@pereiralaw.com
aty     John P Campo          John.Campo@troutmansanders.com
aty     Mendel Zilberberg      mz@amalgamail.com
aty     Stephen N Preziosi     stephenpreziosi@gmail.com

                                                                    TOTAL: 4

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
db      Christine Persaud      86−25 Van Wyck Expressway, Apt. 506      Jamaica, NY 11435
aty     Samuel J. Landau      250 West 57th Street      New York, NY 10107

                                                                    TOTAL: 2