UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | : | |
|---|---|---|
| In re | : | Chapter 7 |
| | : | |
| CHRISTINE PERSAUD, | : | Case No. 10-44815 (ESS) |
| | : | |
| Debtor. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**AFFRIMATION OF LEE W. STREMBA IN RESPONSE TO THE
MOTION OF ABRAHAM KLEIN FOR RECONSIDERATION
OF THE ORDER OF THIS COURT DATED MARCH 5, 2012**

**TO THE HONORABLE ELIZABETH S. STONG
UNITED STATES BANKRUPTCY JUDGE**

  LEE W. STREMBA, an attorney admitted to the bar of the State of New York, affirms as follows:

  1. I am a member of the firm of Troutman Sanders LLP ("Troutman") and serve as an Associate General Counsel of the firm. I make this affirmation in opposition to the motion of Abraham Klein ("Klein"), dated March 14, 2012 (the "Motion"), for reconsideration of this Court's Order of March 5, 2012 (the "Retention Order," Docket No. 388), which Order approved the retention of Troutman as general and bankruptcy counsel to John Pereira, the Chapter 7 Trustee herein (the "Trustee") and overruled Klein's objection to Troutman's retention (the "Objection").

  2. On March 5, 2012, this Court issued a thorough and thoughtful Memorandum Decision [Docket No. 387] approving Troutman's retention for all purposes and overruling Klein's objection to Troutman's retention. Based upon its Memorandum Decision, the Court issued its Retention Order [Docket No. 388]. Klein seeks reconsideration of the Court's Retention Order but does not point to a single material fact or controlling decision that was overlooked by the Court in rendering its Memorandum Decision. It is manifest that Klein's

1483450v1

Motion is simply a continuation of Klein's strategy to make the Trustee's investigation and pursuit of claims against Klein as time consuming and expensive as possible. Unless Klein is compelled to reimburse the Chapter 7 estate for the costs incurred by the estate in responding to Klein's utterly nonsensical motion, Klein will continue to impede and delay the Trustee's efforts in any way that he can.

## Legal Standard for Reconsideration

3. "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked— matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Rafter v. Liddle*, 288 Fed. Appx. 768, 769 (2d Cir. 2008) (emphasis added); In re BDC 56 LLC, 330 F. 3d 111, 123 (2nd Cir. 2003); *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

4. "[T]o be entitled to reconsideration, the moving party must demonstrate that the court overlooked controlling decisions or factual matters that might materially have influenced its earlier decision." *In re Jones,* 374 B.R. 506, 509 (Bankr. E. D.N.Y. 2007) (rejecting motion for reconsideration); *Adelphia Recovery Trust v. Bank of Am., N.A.*, 2010 U.S. Dist. LEXIS 50209, 36-38 (S. D.N.Y. 2010) ("the burden is on the movant for reconsideration to specifically identify any matter which would have materially altered the prior ruling.") (quotations and citations omitted); In re Best Payphones, 2008 WL 2705472 *3 (Bankr. S.D.N.Y. 2008) (unreported).

5. "Reconsideration of a previous order by the court is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Montblanc-Simplo GmbH v. Colibri Corp.*, 739 F. Supp. 2d 143, 147 (E.D.N.Y. 2010) (citations

and quotations omitted); *see Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) (a motion for reconsideration is not a vehicle for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple"); *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) ("where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again."); *Darnley v. Ameriquest Mortg. Co.*, 2007 U.S. Dist. LEXIS 58677, 2-4 (E. D.N.Y. 2007) (reconsideration motions should be denied where the moving party seeks solely to re-litigate an issue already decided) citing *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996) (a motion for reconsideration is "not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved").

6.  In his Motion, at paragraphs 11-12, Klein focuses on the chronology of the disclosures made by Troutman in support of the Trustee's application for approval of Troutman's retention.  Klein argues that Troutman should be disqualified for having violated Bankruptcy Rule 2014(a) because Troutman disclosed its "connection" to Klein in John Campo's Supplemental Declaration, after Klein's objection was filed, rather than in Mr. Campo's original Declaration.  However, it is manifest from the Court's Memorandum Decision (*see* pp. 7-9 and 28-29) that the Court was thoroughly apprised of, and fully considered, all of the relevant facts, including the timing of Troutman's submissions, the contents of Troutman's submissions, and the fact that Mr. Campo's Supplemental Declaration was filed after Klein filed his objection to Troutman's retention.  Klein is obviously not happy with the Court's conclusion that "the Trustee promptly filed a supplemental Bankruptcy Rule 2014(a) declaration of Mr. Campo that

set forth the information" (Memorandum Decision, p. 29), but Klein cannot seriously contend that the Court overlooked a material fact in reaching that conclusion.[1]

7. Similarly, Klein does not cite to any "controlling" case law that the Court may have overlooked in determining whether the Trustee's submissions in support of Troutman's retention complied with Rule 2014(a). In support of his Motion, Klein quotes general language from *In re Filene's Basement, Inc.*, 239 B.R. 850 (Bankr. D. Mass 1999) and from *Rome v. Braunstein*, 19 R.3d 54 (1st Cir. 1994). Those two decisions were issued by courts outside of the instant jurisdiction and are therefore not "controlling" authorities in this Court. *See Adelphia Recovery Trust v. Bank of Am., N.A.*, 2010 U.S. Dist. LEXIS 50209, 36-38 (S. D.N.Y. 2010), in which the Court noted that, for purposes of a motion for reconsideration, controlling decisions include decisions from the relevant United States Court of Appeals, but do not include decisions from other circuits or district courts, even courts within the same district. Moreover, and perhaps more importantly, Klein does not and cannot articulate any difference between the legal standards under Rule 2014(a) as enunciated in *Filene's Basement* or *Rome v. Braunstein* and the legal standards as enunciated in the cases cited and relied upon by this Court in its Memorandum Decision (at pp. 27-28). Moreover, the two decisions cited by Klein bear no factual similarities to the factual record before this Court, and therefore, those two cases are inapposite to this Court's consideration of Klein's Objection in any event. For all the foregoing reasons, the

---

[1] Klein does not dispute, nor could he, that Troutman's prior "connection" with Klein and GRV was disclosed in Mr. Campo's Supplemental Declaration before the Trustee's application to retain Troutman came before the Court for the first time. Cases indicate that the purpose of Rule 2014 is "to ensure that all facts that may be relevant to the determination of professional qualification are before the Court" and "[b]ecause complete disclosure is for the court's benefit . . . the court may excuse an attorney's initial failure to disclose." *In re Pappas*, 216 B.R. 87, 93-4 (Bankr. D. Ct. 1997), quoting *In re CIC Inv. Corp.*, 175 B.R. 52, 54 (9th Cir. 1994). *See also In re Northwestern Corp.*, 346 B.R. 84, 89 (D.Del. 2006). The Court's Memorandum Decision and Retention Order are thus unquestionably within the Court's sound discretion and consistent with the foregoing principles.

decisions cited by Klein are certainly not in any way "controlling" authorities overlooked by this Court.[2]

8.  At paragraphs 18-20 of his Motion, Klein makes an additional argument that the Court should reconsider its Retention Order because it overlooked the "fact" that Edward Epstein, Troutman's partner in Hong Kong responsible for GRV engagement, did not testify at the evidentiary hearing on Klein's Objection. According to Klein, Edward Epstein was the Troutman party "in the best position" to testify regarding "the attorney-client relationship between the Troutman firm and Creditor Klein; whether the matters were substantially related; whether the Troutman Firm is "disinterested," and the "fact" that he did not testify should, standing alone, have caused the Court to sustain Klein's Objection. Obviously, however, the Court knew that Mr. Epstein was the Troutman partner primarily involved in the China Project and the Court knew that Mr. Epstein did not testify at the hearing. Klein cannot seriously argue that the Court overlooked the "fact" that Mr. Epstein was not a witness at the hearing.

9.  Klein tries to enhance the foregoing argument by claiming that Troutman "had the burden of proof in connection with the retention issue in this matter" (Motion at par. 18). Presumably, when Klein referred to the "retention issue in this matter" he was alluding to the issues mentioned in paragraph 19 of his Motion, including whether Troutman's engagement in connection with the China Project in 2008 is "substantially related" to Troutman's engagement by the Trustee in this Chapter 7 case, and whether Troutman is "disinterested." Significantly, Klein's argument demonstrates that it is Klein who has ignored material facts and controlling

---

[2] It is worth noting that at paragraph 8 of his Motion, Klein argues that Troutman committed a "per se" violation of Rule 2014(a) by failing to mention Klein in Mr. Campo's initial Declaration. Needless to say, Klein does not and cannot offer any statutory or case law establishing a category of "per se" violations of Rule 2014(a). On the contrary, case law is clear that the Court has broad discretion to determine whether a proposed counsel's disclosures are adequate, and if not, whether proposed counsel should be disqualified. *In re Best Craft Gen. Contractor and Design Cabinet, Inc.,* 239 B.R. 462, 470 (Bankr. E.D.N.Y.1999); *In Re Northwestern Corp.,* 346 BR 84 (D. Del. 2006). It thus appears that Klein has no qualms about making up the legal principles that the Court has allegedly overlooked.

cases, not the Court. Thus, at pages 17-18 of its Memorandum Decision, the Court summarizes the well-settled case law in the Second Circuit holding that a party who seeks to have his former attorney disqualified from representing the party's current adversary bears the burden of proving each of the following three things: "(1) the moving party is a former client of the adverse party's counsel; (2) there is a substantial relationship between the subject matter of the counsel's prior representation of the moving party and the issues in the present lawsuit; and (3) the attorney whose disqualification is sought had access to, or was likely to have access to, relevant privileged information in the course of his prior representation of the client." Thus, the law is quite clear that the burden was on Klein to prove the foregoing elements. It was not the Trustee's or Troutman's burden to disprove them.

10.    During the evidentiary hearing on Klein's Objection, Klein presented no competent or credible evidence, by way of documents or testimony, tending to establish the elements of "substantial relationship" or "access to relevant privileged information." With regard to these two critical issues, the Court concluded:

> The record shows that the China Project, a real estate venture in China, is not substantially related to claims that the Trustee may assert against Mr. Klein or GRV. That is, Mr. Klein has not established that there is a relationship between these matters that is "'patently clear,' or . . . that the actions are 'identical' or 'essentially the same'" *Bennett Silvershein Asocs.*, 776 F.Supp. at 803.
>
> Nor has Mr. Klein shown that "information . . . disclosed in that earlier consulatation is useful in the later case." *Bennett Silvershein Asocs.*, 776 F.Supp. at 804. While he aims to paint a different picture through his testimony and argument, Mr. Klein's statement that he provided Troutman with a "roadmap to everything about my finances specifically related to Caring" lacks credibility and is at odds with substantial and persuasive evidence to the contrary. This evidence includes contemporaneous e-mails, documents, and testimony. 11/14/11 Tr. 28:1-2.

11.    Significantly, Klein does not argue in his Motion that the Court's legal or factual analysis and conclusions, as aforesaid, were erroneous or should be reconsidered. Nor could he

1483450v1                                         6

reasonably do so. Thus, given that the burden was on Klein to prove grounds for Troutman's disqualification, and given the Court's undisputed conclusion that Klein failed miserably to meet that burden, Klein's argument that the Court should have ruled in Klein's favor merely because Edward Epstein did not testify is patently ridiculous.

12. For all the foregoing reasons, Klein's Motion for reconsideration is manifestly frivolous. It is also manifest that Klein will continue to devise schemes to impede and delay the Trustee's investigation and pursuit of claims against him unless he is discouraged from doing so. To provide such discouragement, the Trustee respectfully requests that the Court render an award to the Trustee for the legal fees incurred by the Trustee in connection with Klein's Motion.

WHEREFORE, it is respectfully submitted that Klein's Motion should be denied in all respects and that Klein should be ordered to reimburse the Trustee for the Trustee's legal fees incurred in connection with the Motion.

Dated: New York, New York
       April 17, 2012

> *s/Lee W. Stremba*
> Lee W. Stremba
> Troutman Sanders LLP
> The Chrysler Building
> 405 Lexington Avenue
> New York, NY  10174
> (212) 704-6000